THEODORE J. LEOPOLD (*pro hac vice forthcoming*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com

GEOFFREY GRABER (SBN 211547)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com

ERIC KAFKA (*pro hac vice forthcoming*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

CHARLES REICHMANN (SBN 206699)
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
charles.reichmann@gmail.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN ROBERT PRESCOTT, individually and on behalf of others similarly situated, | CASE NO. 3:20-cv-2101 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | CLASS ACTION |
| RECKITT BENCKISER LLC | DEMAND FOR JURY TRIAL |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Steven Robert Prescott, individually, and on behalf of all others similarly situated, hereby files suit against the Defendant listed above and allege the following:

## INTRODUCTION

1. Around February 2017, Reckitt Benckiser started to make a powerful new claim for its Woolite laundry detergent. Reckitt Benckiser represented that, when clothing is washed with Woolite laundry detergent, the clothing's color is revived. Reckitt Benckiser made materially uniform representations (including that Woolite laundry detergent "brings the color back" to clothing, "revives color," and possesses "Color Renew") through its advertising and on the labels of Woolite laundry detergent bottles.

2. Reckitt Benckiser's color revival claims were so noticeable that Proctor & Gamble (the owner of Tide laundry detergent) challenged the claims with the National Advertising Division (NAD). Reckitt Benckiser did not turn over any data supporting its claims, and instead stated that it would follow the National Advertising Division's recommendation. In August 2019, the National Advertising Division recommended that the claims be discontinued.

3. However, as of March 2020, Reckitt Benckiser continues to represent on Woolite laundry detergent bottle labels that the laundry detergent revives color.

4. Plaintiff, through counsel, conducted objective testing of the claim that Woolite laundry detergent revives color in clothing. As described below, Woolite laundry detergent failed the objective test.

5. Plaintiff has filed this putative class action to hold Reckitt Benckiser accountable for its ongoing fraud. Plaintiff seeks an injunction to force Reckitt Benckiser to stop claiming that Woolite laundry detergent revives color in clothing. Plaintiff also seeks monetary compensation on behalf of a California Class. Class members paid a price premium due to Reckitt Benckiser's misrepresentations, and Plaintiff seeks to return this money to class members.

## PARTIES

6. Plaintiff Steven Robert Prescott is a citizen and resident of California, over the age of eighteen years. Plaintiff resides in Santa Cruz County, California.

7. Defendant Reckitt Benckiser LLC ("Reckitt Benckiser" or "Defendant") is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 399 Interpace Parkway, Parsippany, New Jersey 07054.

## JURISDICTION

8. This Court has jurisdiction for this case pursuant to 28 U.S.C. § 1332(a). Named Plaintiff and members of the proposed class are residents of California, while the Defendant is incorporated in Delaware and headquartered in New Jersey.

9. This Court also has jurisdiction for this case pursuant to 28 U.S.C. § 1332(d), as it is a class action for damages that exceeds $5,000,000, exclusive of interest and costs. The members of the class are residents of California, while the Defendant is incorporated in Delaware and headquartered in New Jersey.

10. This Court has personal jurisdiction over Defendant because of its continuous and systematic business contacts with the State of California. Reckitt Benckiser derives substantial revenue from sales of its products in California, with knowledge that its products are being marketed and sold for use in this State.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this district.

## FACTUAL ALLEGATIONS

12. Reckitt Benckiser is a consumer goods company that sells health, hygiene, and home products.

13. Reckitt Benckiser's corporate strategy is to forgo a large research and development budget. Instead, Reckitt Benckiser studies consumer desires and the features consumers would be willing to be pay for if incorporated in to Reckitt Benckiser's current products. Reckitt Benckiser then adds "innovations" to its existing products that consumers will value. Reckitt Benckiser introduces ambitious performance targets for its innovations, and executives are rewarded financially when the company hits or exceeds those targets.[1]

---

[1] Margaret Corstjens, Gregory S. Carpenter, and Tushmit M. Hasan, The Promise of Targeted

14.     Since approximately 1990, Reckitt Benckiser has marketed and sold Woolite-branded laundry detergent. Reckitt Benckiser markets and sells Woolite® Darks laundry detergent and Woolite® Gentle Cycle laundry detergent (collectively, "Woolite Laundry Detergent").

### A. Reckitt Benckiser Represents That Woolite Laundry Detergent Revives the Color in Clothing

15.     Around approximately February 2017, Reckitt Benckiser introduced a new "innovation" for its Woolite® Darks and Gentle Cycle laundry detergents. Reckitt Benckiser began to represent that Woolite Laundry Detergent brings the color back to clothing.

16.     Consistent with Reckitt Benckiser's corporate strategy, a laundry detergent's effect on the color of clothing is an important attribute to consumers when purchasing laundry detergent.

17.     Reckitt Benckiser has made its color revival representation both on the Woolite Laundry Detergent labels and through its advertising.

18.     Since approximately February 2017, the labels on Woolite Laundry Detergent bottles have represented that Woolite Laundry Detergent brings the color back to clothing. The Woolite Laundry Detergent labels have a "Color Renew" logo and/or state that the Woolite Laundry Detergent "revives colors."

19.     The "Color Renew" logo has been placed on the label that is on the front of bottles of Woolite Darks and Woolite Gentle Cycle laundry detergent bottles. *See* Figures 1 and 2.

---

Innovation, MIT Sloan Management Review, Vol. 60, Issue No. 2, accessed at https://sloanreview.mit.edu/article/the-promise-of-targeted-innovation/ (last accessed Mar. 26, 2020). Attached hereto as **Exhibit A.**

3
CLASS ACTION COMPLAINT

**Figure 1: Woolite Darks Label – Front of the Bottle**



**Figure 2: Woolite Gentle Cycle Label – Front of the Bottle**



20.     The statement that Woolite Laundry Detergent "revives color" has been placed on the label that is on the back of the bottle for Woolite Laundry Detergent bottles. *See* Figures 3 and 4. The "Color Renew" logo has also been placed on the label on the back of the bottle for Woolite Laundry Detergent. *See* Figures 3 and 4.

**Figure 3: Woolite Darks Label –Back of the Bottle**



**Figure 4: Woolite Gentle Cycle Label – Back of the Bottle**



21. Defendant also made the Color Renew claims in television ads. For example, a 30-second Woolite commercial posted on YouTube on or around February 10, 2017 says:

> Every wash in Woolite® with Color Renew™ brings the color back to your clothes. It's time to bring the color back. Woolite, now with Color Renew.[2]

22. During the commercial, the words "bring the color back" are also displayed[3]:

---

[2] https://www.youtube.com/watch?v=sAMi-2WLkIk
[3] https://www.youtube.com/watch?v=sAMi-2WLkIk (screenshot at 0:24 / 0:30)



23. This 30-second Woolite commercial was posted to Woolite's YouTube page in approximately February 2017, along with a 15-second "Bring the Color Back" commercial.[4] The two "Bring the Color Back" commercials have been viewed more than 1.2 million times on YouTube.

24. Directly below both of the "Bring the Color Back" commercials, there is a post by Woolite that states "Woolite® with Color Renew™ brings the color back to your clothes with every wash. Check out the new commercial and packaging for Woolite Gentle Cycle and Woolite Darks."[5]

25. As of March 2020, the two "Bring the Color Back" commercials are still posted on the Woolite YouTube page.

26. On information and belief, Reckitt Benckiser also ran television advertisements in 2017 and 2018 in the United States about Woolite Laundry Detergent with Color Renew.

27. The Color Renew claim is material. A study published by the Statista Research Department found that "color preservation / protection" is an important attribute for laundry detergent purchasers.[6]

---

[4] https://www.youtube.com/user/WOOLITE/videos

[5] https://www.youtube.com/watch?v=sAMi-2WLkIk; *see also* https://www.youtube.com/watch?v=jqJ5DgOQv3M

[6] Statista, *Importance of selected household laundry detergent attributes in North America as of September 2015*, https://www.statista.com/statistics/630480/important-laundry-detergent-attributes/ (last accessed Mar. 26, 2020).



28. Reckitt Benckiser's representation for Woolite Laundry Detergent is even more powerful than a claim of color preservation. Reckitt Benckiser represents that Woolite Laundry Detergent actually *revives* colors.

**B.     National Advertising Division Tells Reckitt Benckiser To Stop Its Woolite Color Revive Claim; Yet, Woolite Continues to Claim Woolite Revives Color**

29. Procter & Gamble noticed Reckitt Benckiser's claims that Woolite Laundry Detergent revives color. In 2019, Procter & Gamble (the owner of Tide laundry detergent) filed a challenge with the National Advertising Division regarding the claims for Woolite Laundry Detergent, including the claims that Woolite "brings the color back" and "revives colors."[7] The National Advertising Division is an advertising industry self-regulatory body.

30. On or around August 29, 2019, the National Advertising Division ("NAD") issued a

---

[7] Better Business Bureau Press Release, *NAD Recommends Reckitt Benckiser Discontinue "No Stretching, Shrinking, Fading Claims" for Its Woolite Laundry Detergent, Following P&G Challenge,* Aug. 29, 2019, https://asrcreviews.org/nad-recommends-reckitt-benckiser-discontinue-no-stretching-shrinking-or-fading-claims-for-its-woolite-laundry-detergent-following-pg-challenge-2/ (last accessed Mar. 26, 2020)

press release with the results of its investigation. The National Advertising Division determined that the claims "'Brings Back the Color' / 'Revives Color' … convey objective performance messages regarding Woolite's ability to improve the color of fabric …". The National Advertising Division found Reckitt Benckiser's "data insufficient to support these messages and recommended that the claims be discontinued." The National Advertising Division further "noted that it was unable to confirm the reliability of the advertiser's test results or the conclusions drawn from them because the advertiser did not provide NAD with any data, raw or otherwise, regarding the actual test results, only the statements of conclusion."[8]

31. In its advertiser's statement, Reckitt Benckiser stated that it "is a strong supporter of NAD and the self-regulatory process and, therefore, agrees to comply with the decision concerning the claims…"[9]

32. Despite Reckitt Benckiser's public statement that it would comply with the National Advertising Division's decision, as of March 2020, the labels on Woolite Laundry Detergent bottles still represent that Woolite Laundry Detergent revives color.[10] Furthermore, Reckitt Benckiser has not removed the two "Bring the Color Back" commercials from the Woolite YouTube page.

### C. Plaintiff's Objective Testing Shows Woolite Detergent Does Not Revive Color

33. Plaintiff, through counsel, conducted objective testing of the claim that Woolite Laundry Detergent revives color / brings the color back to clothing. The testing was conducted at a laboratory certified by American Association of Textile Chemists and Colorists (AATTC).

34. The Woolite Laundry Detergent failed the objective test.

35. For the testing, eight samples of cotton clothing were washed with Woolite Laundry Detergent.[11] The laboratory measured the clothing's loss in color using a color spectrophotometer.

---

[8] *Id.*

[9] *Id.*

[10] Based on information and belief, in late 2019 or early 2020, Reckitt Benckiser began to sell some bottles of Woolite Laundry Detergent without the "Color Renew" logo. However, as of March 2020, new bottles of Woolite Laundry Detergent still include the representation that the laundry detergent "revives colors" as shown in Figures 3 and 4.

[11] The Woolite Laundry Detergent tested had the Color Renew logo on the bottle.

For all eight samples of clothing washed, the clothing lost a significant amount of color by the tenth wash with Woolite Laundry Detergent. All eights samples were washed an additional 15 times with Woolite Laundry Detergent (for a total of 25 washes). By the 25th wash, the color had not come back; instead, all eights samples of clothing had a lost an additional significant amount of color after the 25 washes compared to the amount of color present after 10 washes.

### D.      Plaintiff's Experiences

36.      Plaintiff Steven Robert Prescott ("Prescott") resides in Santa Cruz County, California.

37.      In 2017 and 2018, Plaintiff Steven Robert Prescott purchased more than ten bottles of Woolite® Darks laundry detergent. Prescott often purchased the Woolite Darks laundry detergent at a CVS store located in Capitola, California.

38.      In 2017 and 2018, Plaintiff paid more than $80 for Woolite Darks laundry detergent.

39.      Prior to purchasing Woolite Darks laundry detergent, Prescott saw television advertisements for Woolite Laundry Detergent.

40.      Prior to purchasing Woolite Darks laundry detergent, Prescott read Woolite's "Color Renew" logo representation on the Woolite Darks laundry detergent bottle, and Prescott relied on Woolite's "Color Renew" logo representation when deciding to purchase Woolite Darks laundry detergent.[12]

41.      Based on Reckitt Benckiser's color renewal misrepresentations, Prescott believed that Woolite Darks laundry detergent would revive color in clothing. Reckitt Benckiser's color renewal misrepresentations induced Prescott to purchase Woolite Darks laundry detergent. Prescott would not have purchased Woolite Darks laundry detergent if he had known that Woolite Darks laundry detergent did not revive color in clothing.

42.      The Woolite Darks laundry detergent did not renew or revive the color in Prescott's clothing. Instead, the clothing that Prescott washed with Woolite Darks laundry detergent had significant fading. The fading was so significant that Prescott had to stop wearing many of the items of clothing that he washed with Woolite Darks laundry detergent.

---

[12] The Color Renew logo representation on the Woolite Darks laundry detergent bottles is displayed in Figures 1 and 3.

43. In late 2018, Prescott stopped purchasing Woolite Darks laundry detergent because the detergent failed to renew or revive the color in the clothing that Prescott washed with Woolite Darks laundry detergent.

## CLASS ALLEGATIONS

44. Plaintiff re-alleges and incorporates by reference herein all of the allegations contained above.

45. Reckitt Benckiser's misrepresentations induced Woolite Laundry Detergent purchasers (including Prescott) to purchase Woolite Laundry Detergent that they otherwise would not have purchased, because purchasers (including Prescott) believed that Woolite Laundry Detergent revived color in clothing.

46. Reckitt Benckiser's misrepresentations induced Woolite Laundry Detergent purchasers (including Prescott) to pay more for Woolite Laundry Detergent that they otherwise would have been willing to pay.

47. Reckitt Benckiser's misrepresentations thereby distorted the market price for Woolite laundry by artificially inflating the price of Woolite Laundry Detergent, causing Woolite Laundry Detergent purchasers (including Prescott) to pay a price premium compared to what they otherwise would have paid.

48. Woolite Laundry Detergent purchasers (including Prescott) paid for Woolite Laundry Detergent that revives color in clothing but did not receive such products. The products that Woolite Laundry Detergent purchasers (including Prescott) received had a lower value than the products for which they paid.

49. Reckitt Benckiser's misrepresentations provided Reckitt Benckiser with an unfair competitive advantage over other sellers of laundry detergent, including Procter & Gamble (which sells Tide).

50. Pursuant to the Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this action on behalf of himself and the following Class:

**California Class** (represented by Plaintiff Prescott)

All residents of California who purchased Woolite Laundry Detergent from March 26, 2016

to the present (the "Class Period").

51. Excluded from the California Class are the Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the California Class are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

52. This action has been brought and may properly be maintained as a class action as it satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements.

53. Plaintiff reserves the right to amend the California Class definition if discovery and further investigation reveal that the California Class should be expanded, divided into subclasses, or modified in any other way.

54. Although the precise number of members of the California Class is unknown and can only be determined through appropriate discovery, Plaintiff believes, and on that basis alleges, that the members of the proposed California Class are so numerous that joinder of all members would be impracticable as many thousands of bottles of Woolite Laundry Detergent were sold in California during the proposed Class Period.

55. Questions of law and fact common to the California Class exist that predominate over questions affecting only individual members, including *inter alia*:

   a. Whether Defendant misrepresented material facts about Woolite Laundry Detergent, including the fact that Woolite Laundry Detergent could not revive color in clothing;

   b. Whether Defendant's marketing of Woolite Laundry Detergent was likely to mislead reasonable consumers; and

   c. The amount of monetary compensation owed by Defendant to class members due to Defendant's deceptive practices.

56. Plaintiff is a member of the putative California Class. The claims asserted by the Plaintiff in this action are typical of the claims of the members of the putative California Class, as the claims arise from the same course of conduct by the Defendant and the relief sought is common.

57. Plaintiff will fairly and adequately represent and protect the interests of the members

of the putative California Class, as his interests coincide with, and are not antagonistic to, the other members of the California Class. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

58. Certification of the California Class is appropriate pursuant to Fed. R. C. P. 23(b)(2) and (b)(3) because questions of law or fact common to the respective members of the California Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims including consistency of adjudications. Absent a class action it would be highly unlikely that the members of the California Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed the expected recovery.

59. A class action is a superior method for the adjudication of the controversy in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and the burden of the courts that individual actions would create.

60. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of the class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**California Unfair Competition Law**
Cal. Bus. & Prof. Code § 17200, *Et Seq.*
(Asserted By Plaintiff Prescott On Behalf Of The California Class)

61. Plaintiff re-alleges and incorporates by reference herein all of the allegations contained above.

62. Reckitt Benckiser violated California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §17200 et seq., by engaging in the fraudulent business acts and practices alleged previously, and as further specified below.

63. Reckitt Benckiser's misrepresentations constitute a fraudulent practice under the UCL,

as they deceived Plaintiff Prescott and Class members into believing that Woolite Laundry Detergent revives colors in clothing.

64. Reckitt Benckiser's misrepresentations that Woolite Laundry Detergent revives color in clothing are likely to mislead reasonable consumers acting reasonably under the circumstances.

65. Plaintiff has standing to bring these claims under the UCL because he was injured and lost money or property, including but not limited to money paid for Woolite Laundry Detergent, as a result of Woolite's fraudulent business practices. Among other things, Prescott would not have purchased Woolite Laundry Detergent if Reckitt Benckiser had not disseminated the fraudulent representations described above.

66. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks equitable relief to prevent the continued use of Reckitt Benckiser's fraudulent practices and to restore to the Class all money Reckitt Benckiser may have acquired by means of its fraudulent business practices.

67. Plaintiff requests an award of injunctive and other equitable relief as is necessary to protect the interests of the Class, including an order prohibiting Reckitt Benckiser from representing that Woolite Laundry Detergent possesses Color Renew, revives color in clothing, or brings the color back to clothing.

**SECOND CAUSE OF ACTION**
**CALIFORNIA CONSUMERS LEGAL REMEDIES ACT,**
Cal. Civ. Code § 1750, *Et Seq.*
(Asserted By Plaintiff Prescott On Behalf Of The California Class)

68. Plaintiff re-alleges and incorporates by reference herein all of the allegations contained above.

69. Defendant is a "person" within the meaning of California Civil Code §§ 1761(c) and 1770.

70. The Woolite Laundry Detergent sold are "goods" within the meaning of California Civil Code §§ 1761(a) and 1770.

71. Defendant's customers, including Plaintiff Prescott and members of the California Class, are "consumers" within the meaning of California Civil Code §§ 1761(d) and 1770.

72. Each purchase of Defendant's Woolite Laundry Detergent by Plaintiff and each California Class member constitutes a "transaction" within the meaning of California Civil Code §§

1761(e) and 1770.

73.     Pursuant to California Civil Code § 1780(d), Plaintiff Prescott has filed an affidavit, attached hereto, stating facts showing that the action has been commenced in a proper place.

74.     Plaintiff and each California Class member purchased goods from Defendant that were primarily for personal, family, or household purposes.

75.     The Consumers Legal Remedies Act ("CLRA") makes it unlawful for a company to, *inter alia*:

   a.   Represent that goods have characteristics or benefits which they do not have. CAL. CIV. CODE § 1770(a)(5).

   b.   Represent that goods are of a particular standard, quality, or grade, if they are of another. CAL. CIV. CODE § 1770(a)(7).

76.     Throughout the Class Period, Defendant violated and continues to violate the above-mentioned provisions by engaging in the actions and misrepresentations described herein.

77.     Defendant violated the CLRA by representing that Woolite Laundry Detergent revives color in clothing when Defendant knew, or should have known, that that representations are unsubstantiated, false, and misleading.

78.     Based on Defendant's representations, Plaintiff Prescott believed that Woolite Laundry Detergent revives color in clothing.

79.     Plaintiff Prescott would not have purchased Woolite Laundry Detergent, but for Defendant's misleading representations that Woolite Laundry Detergent revives color in clothing.

80.     Plaintiff Prescott was injured in fact, lost money, and suffered damages as a result of Defendant's misrepresentations. Prescott paid for Woolite Laundry Detergent that revives color in clothing but did not receive Woolite Laundry Detergent that revives color in clothing

81.     In accordance with Civil Code § 1780(a)(2), Plaintiff and the California Class seek injunctive and equitable relief for Defendant's violations of the CLRA, including an order enjoining Defendant from continuing to represent deceptively that Woolite Laundry Detergent possesses Color Renew, revives color in clothing, or brings the color back to clothing.

82.     Plaintiff also intends to assert a claim for damages under the CLRA. Plaintiff will

make a demand in satisfaction of the CLRA and intend to amend this Complaint to assert a damages claim once the required 30 days have elapsed. This paragraph is included for purposes of notice only and is not intended to actually assert a damages claim under the CLRA.

83. Plaintiffs further seek reasonable attorneys' fees under Civil Code section 1780(e).

### THIRD CAUSE OF ACTION
### QUASI-CONTRACT CLAIM FOR RESTITUTION
(Asserted By Plaintiff Prescott On Behalf Of The California Class)

84. Plaintiff re-alleges and incorporates by reference herein all of the allegations contained above.

85. Plaintiff seeks restitution in quasi contract.

86. Reckitt Benckiser's misrepresentations described above (that Woolite Laundry Detergent revives/renews colors in clothing) make Woolite Laundry Detergent appear more valuable than it really is – leading Plaintiff and the Class to pay more to Reckitt Benckiser than they otherwise would have paid.

87. Reckitt Benckiser knew about, accepted, and benefited from Plaintiff's and Class members' purchase of Woolite Laundry Detergent.

88. Under these circumstances, it would be inequitable for Reckitt Benckiser to benefit from its misrepresentations about Woolite Laundry Detergent and Reckitt Benckiser's persistent failure to remove the misrepresentations.

89. To avoid injustice, Plaintiff Prescott and the Class seek restitution and/or disgorgement of profits in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests judgment against the Defendant for himself and the members of the class as follows:

    A.    Certification of the requested California Class pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);

    B.    Compensatory and actual damages in an amount according to proof at trial;

    C.    Restitution;

   D. Disgorgement to Plaintiffs and the Class of all monies wrongfully obtained and retained by Defendant;

   E. Statutory damages, as provided by law;

   F. Prejudgment interest commencing on the date of payment of the charges and continuing through the date of entry of judgment in this action;

   G. Costs and fees incurred in connection with this action, including attorney's fees, expert witness fees, and other costs as provided by law;

   H. Equitable relief;

   I. Injunctive relief; and

   J. Granting such other relief as the Court deems proper.

### JURY TRIAL DEMAND

Plaintiffs hereby request a jury trial for all issues so triable of right.

DATED: March 26, 2020   Respectfully submitted,

           By: /s/ Charles Reichmann

           Theodore J. Leopold (*pro hac vice forthcoming*)
           **COHEN MILSTEIN SELLERS & TOLL PLLC**
           2925 PGA Boulevard, Suite 200
           Palm Beach Gardens, FL  33410
           Telephone:  (561) 515-1400
           Facsimile:   (561) 515-1401
           tleopold@cohenmilstein.com

           GEOFFREY GRABER (SBN 211547)
           **COHEN MILSTEIN SELLERS & TOLL PLLC**
           1100 New York Ave. NW, Fifth Floor
           Washington, DC 20005
           Telephone: (202) 408-4600
           Facsimile: (202) 408-4699
           ggraber@cohenmilstein.com

           ERIC KAFKA (*pro hac vice forthcoming*)
           **COHEN MILSTEIN SELLERS & TOLL PLLC**
           88 Pine Street, 14th Floor
           New York, NY 10005
           Telephone: (212) 838-7797
           Facsimile: (212) 838-7745

ekafka@cohenmilstein.com

CHARLES REICHMANN (SBN 206699)
Charles.reichmann@gmail.com
**LAW OFFICES OF CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849

*Attorneys for Plaintiff and the Putative Class*