UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN PRESCOTT,<br><br>  Plaintiff,<br><br>  v.<br><br>RECKITT BENCKISER LLC,<br><br>  Defendant. | Case No. 20-cv-02101-BLF   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE ESI SEARCHES AND DEFENDANT'S DISCOVERY RESPONSES**<br><br>Re: Dkt. No. 54 |

Plaintiff Steven Prescott and defendant Reckitt Benckiser LLC ("RB") ask the Court to resolve several disputes involving RB's production of documents, as well as Mr. Prescott's proposed protocol for discovery of electronically stored information ("ESI"). Dkt. No. 54. The Court held a hearing on November 10, 2020. Dkt. No. 59.

For the reasons stated on the record, the Court orders as follows:

1. <u>ESI search terms</u>: The Court directs the parties to select a custodian or custodians from among the 18 custodians RB has identified, apply their respective proposed search strings, confer and perhaps refine their proposed search strings, and attempt to reach agreement on proposed search strings that do not yield an unreasonable number of non-responsive documents and that adequately capture likely responsive documents. If a dispute remains, the parties may file another discovery dispute letter on this issue.

2. <u>Plaintiff's Requests for Production Nos. 11, 12 and 15</u>: RB must produce documents responsive to these requests.

3. <u>Plaintiff's Request for Production No. 19</u>: The dispute regarding this request is limited to whether RB should or should not be required to produce documents regarding chemical

1  formulas for Woolite Laundry Detergent that were considered but never manufactured or sold.
2  RB need not produce chemical formulas that were merely considered, as Mr. Prescott has not
3  shown that this discovery is relevant to any claim or defense in the case.

4      4.    <u>Plaintiff's Request for Production No. 21</u>:  The parties shall confer further
5  regarding the scope of this request.  If, as RB represents, the NAD investigation encompassed
6  advertising claims unrelated to the "color renewal" claim at issue in this case, the scope of this
7  request should be limited to responsive documents concerning the "color renewal" claim.  To the
8  extent RB believes that it is prevented from producing responsive documents because it owes a
9  confidentiality obligation to NAD or another third party, RB must seek permission from such
10 other party or parties to produce responsive documents subject to the operative stipulated
11 protective order in this case (Dkt. No. 35), if necessary.  RB must seek permission to produce
12 responsive documents and must advise Mr. Prescott's counsel of the status of its request for
13 permission by **November 24, 2020.**  The Court expects that any confidentiality concerns RB has
14 with respect to its own information submitted to NAD can be adequately addressed by invoking
15 the provisions of the protective order.  Any claim of privilege or work product must be invoked
16 consistent with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A).

17     5.    <u>ESI protocol</u>:  The Court strongly encourages the parties to confer about the
18 collection and production of ESI and to memorialize their agreement in the form of a written
19 stipulation.  RB shall review Mr. Prescott's current proposal for an ESI protocol and advise him of
20 any objections or proposed modifications within the next 14 days.  The parties must file a status
21 report with the Court on the status of their discussions about procedures for collection and
22 production of ESI, or a stipulation memorializing their agreement about such procedures, by
23 **November 24, 2020.**

24     **IT IS SO ORDERED.**

25 Dated: November 10, 2020

*[Signature: Virginia K. DeMarchi]*

VIRGINIA K. DEMARCHI
United States Magistrate Judge