United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

STEVEN PRESCOTT,

Plaintiff,

v.

RECKITT BENCKISER LLC,

Defendant.

Case No.  20-cv-02101-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT, WITHOUT LEAVE TO AMEND**

[Re:  ECF 26]

Plaintiff Steven Prescott ("Prescott") brings this putative class action against Defendant Reckitt Benckiser LLC ("RB") on behalf of California residents who purchased "Woolite Laundry Detergent," which is defined to include both Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent.  *See* FAC ¶ 14, ECF 24.  Prescott claims that RB fraudulently represents in its advertising and labeling that Woolite Laundry Detergent "brings the color back" to clothing, "revives color," and possesses "Color Renew," when in fact the detergent does not revive color in clothing.  FAC ¶¶ 1-5.

RB has filed a motion to dismiss the first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which is opposed by Prescott.  The Court previously submitted the motion for decision without oral argument and vacated the hearing.  *See* Order Submitting Motion, ECF 53.

For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART, WITHOUT LEAVE TO AMEND.

## I.    BACKGROUND[1]

*Overview of Suit*

Prescott alleges that starting in February 2017, "Reckitt Benckiser made materially uniform representations (including that Woolite laundry detergent 'brings the color back' to clothing, 'revives color,' and possesses 'Color Renew') through its advertising and on the labels of Woolite laundry detergent bottles."  FAC ¶ 1.  RB's advertising included commercials aired on television and posted on RB's YouTube page, stating that Woolite with Color Renew "brings the color back" to clothes.  FAC ¶¶ 21-26.  RB also began using a "Color Renew" logo on its detergent labels.  FAC ¶¶ 19-20.  The front label of Woolite detergent bottles bears a rainbow-colored hexagon surrounding the words "COLOR RENEW" in all capital letters.  FAC ¶ 19.  The same rainbow-colored hexagon appears on the back of the bottle, but surrounding the words "How COLOR RENEW Works."  FAC ¶ 20.  The back label also contains a graphic showing that the detergent "smooths rough fibers" and "removes pilling and fuzz" with the end result that it "revives colors."  FAC ¶ 20.

A competitor in the detergent market, Proctor & Gamble, complained to the National Advertising Division ("NAD") about RB's representations.  FAC ¶ 2.  The NAD is an arm of the Council of Better Business Bureaus, which is "a private organization that offers a voluntary, alternative setting for resolving advertising disputes between competitors."  *NeoCell Corp. v. BioCell Tech., LLC*, No. SACV 16-02173 AG (JCGx), 2017 WL 10605266, at *1 (C.D. Cal. Aug. 21, 2017) (quotation marks and citation omitted).  In August 2019, the NAD determined that RB's claims that its detergent "Brings Back the Color" and "Revives Color" conveyed "objective performance messages regarding Woolite's ability to improve the color of fabric" that were unsupported by RB's data.  FAC ¶ 30.  The NAD recommended that those claims "be discontinued."  *Id.*  RB agreed to follow the NAD's recommendation.  FAC ¶ 31.  According to Prescott, however, Reckitt Benckiser continues to represent on Woolite laundry detergent bottle

---

[1] The background facts are drawn from the allegations of the FAC, which are accepted as true for purposes of the motion to dismiss.  *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

labels that the laundry detergent "revives color."  FAC ¶ 32.  Prescott, "through counsel, conducted objective testing of the claim that Woolite laundry detergent revives color in clothing," and "Woolite laundry detergent failed the objective test."  FAC ¶ 4.

Prescott alleges that RB's advertising and labeling misleads consumers into believing that Woolite Laundry Detergent revives color in clothing when it does not.  He "filed this putative class action to hold Reckitt Benckiser accountable for its ongoing fraud."  FAC ¶ 5.  Prescott seeks to represent a class of "[a]ll residents of California who purchased Woolite Laundry Detergent from March 26, 2016[2] to the present (the 'Class Period')."  FAC ¶ 50.

*Prescott's Experiences*

In 2017 and 2018, Prescott purchased more than ten bottles of Woolite Darks laundry detergent, for which he paid more than $80.  FAC ¶¶ 37-38.  Prescott alleges that prior to his purchases, he saw television advertisements for the detergent, but he does not allege the contents of those television advertisements.  FAC ¶ 39.  Prescott also alleges that prior to his purchases, he "read Woolite's 'Color Renew' logo representation on the Woolite Darks laundry detergent bottle."  FAC ¶ 40.  "Based on Reckitt Benckiser's color renewal misrepresentations, Prescott believed that Woolite Darks laundry detergent would revive color in clothing."  FAC ¶ 41.  The detergent "did not renew or revive the color in Prescott's clothing," which suffered fading so significant after being washed in Woolite laundry detergent that Prescott stopped wearing many items.  FAC ¶ 42.  Prescott stopped purchasing Woolite Darks laundry detergent in late 2018.  FAC ¶ 43.  "Prescott would not have purchased Woolite Darks laundry detergent if he had known that Woolite Darks laundry detergent did not revive color in clothing."  FAC ¶ 41.

*Testing*

Prescott alleges that, through counsel, he "conducted objective testing of the claim that Woolite Laundry Detergent revives color / brings the color back to clothing."  FAC ¶ 33.  The testing was done by a laboratory certified by the American Association of Textile Chemists and

_____

[2] It is unclear why the proposed class period begins in March 2016 when the allegedly fraudulent Color Renew representations began almost a year later in February 2017.  *Compare* FAC ¶ 1 (RB began new Color Renew marketing campaign in February 2017) *with* FAC ¶ 50 (class period defined as March 26, 2016 to present).

United States District Court
Northern District of California

1    Colorists.  *Id.*  Eight samples of cotton clothing were washed with Woolite Laundry Detergent,

2    and the clothing's loss in color was measured using a color spectrophotometer.  FAC ¶ 35.  In all

3    eight samples, "the clothing lost a significant amount of color by the tenth wash with Woolite

4    Laundry Detergent," and by the twenty-fifth wash "all eights samples of clothing had a lost an

5    additional significant amount of color [*sic*]."  *Id.*  "[T]he color had not come back" into the

6    clothing.  *Id.*

7            *Claims Asserted*

8            Prescott asserts three state law claims on behalf of himself and a putative class of

9    California residents:  (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. &

10   Prof. Code § 17200 *et seq.*; (2) violation of California's Consumer Legal Remedies Act

11   ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; and (3) Quasi-Contract Claim for Restitution.  He seeks

12   numerous forms of relief, including damages, restitution, disgorgement, and injunctive relief.  *See*

13   FAC Prayer.

14           RB moves to dismiss these claims for lack of constitutional standing under Rule 12(b)(1)

15   and for failure to state a claim under Rule 12(b)(6).

16   **II.    LEGAL STANDARD**

17           **A.    Rule 12(b)(1)**

18           A party may challenge the Court's subject matter jurisdiction by bringing a motion to

19   dismiss under Federal Rule of Civil Procedure 12(b)(1).  "A Rule 12(b)(1) jurisdictional attack

20   may be facial or factual."  *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

21   In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from

22   the face of the complaint.  *Id.*  In a factual attack, the movant disputes the truth of allegations that

23   otherwise would give rise to federal jurisdiction.  *Id.*  "In resolving a factual attack on jurisdiction,

24   the district court may review evidence beyond the complaint without converting the motion to

25   dismiss into a motion for summary judgment."  *Id.*  "The court need not presume the truthfulness

26   of the plaintiff's allegations."  *Id.*  Once the moving party has presented evidence demonstrating

27   the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or

28   other evidence sufficient to establish subject matter jurisdiction.  *Id.*

United States District Court
Northern District of California

4

**B.      Rule 12(b)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citation omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating a Rule 12(b)(6) motion, the district court is limited to the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice.  *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**III.   DISCUSSION**

As noted above, RB seeks dismissal of the FAC for lack of constitutional standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  Although not entirely clear from the briefing, it appears that RB's challenge to Prescott's request for injunctive relief is brought under Rule 12(b)(1), and that the remainder of RB's challenges are brought under Rule 12(b)(6).  As discussed below, Prescott has withdrawn his request for injunctive relief.  The Court therefore evaluates RB's motion under the Rule 12(b)(6) standard only.

RB advances five grounds for dismissal of the FAC.  First, RB asserts that the claims of the FAC fail because no reasonable consumer would be misled into believing that Woolite Laundry Detergent adds color back into clothing after multiple washes.  Second, RB contends that the claims of the FAC do not satisfy Federal Rule of Civil Procedure 9(b), because Prescott alleges neither the content of the advertising he viewed nor facts showing the falsity of the labeling.  Third, RB argues that without sufficiently specific allegations of fraudulent representations, Prescott has alleged nothing more than a lack of substantiation claim, which is not actionable by

1   private plaintiffs under California law.  Fourth, RB challenges Prescott's standing to seek

2   injunctive relief.  Fifth, RB contends that Prescott is not entitled to the remedy of non-

3   restitutionary disgorgement of profits.

4        Prescott's opposition makes clear that there are no real disputes with respect to RB's third,

5   fourth, and fifth grounds for dismissal.  As to the third ground, asserting that there is no private

6   right of action for lack of substantiation, Prescott clarifies that he is not asserting a claim for lack

7   of substantiation.  *See* Opp. at 7, ECF 29.  As to the fourth ground, challenging Prescott's request

8   for injunctive relief, Prescott has withdrawn his request for injunctive relief.  *See* Opp. at 7 n.1,

9   ECF 29.  As to the fifth ground, challenging Prescott's request for non-restitutionary disgorgement

10  of profits, Prescott indicates that he is seeking disgorgement of profits solely in connection with

11  his quasi-contract claim for restitution.  *See* Opp. at 15, ECF 29.  Thus, it does not appear that he

12  seeks non-restitutionary disgorgement of profits.  *See id.*  Accordingly, RB's motion to dismiss is

13  GRANTED WITHOUT LEAVE TO AMEND as to any claims for lack of substantiation,

14  injunctive relief, or non-restitutionary disgorgement of profits.

15       Prescott does dispute RB's first and second grounds for dismissal.  As to the first ground,

16  failure to satisfy the reasonable consumer standard, Prescott argues that he has alleged facts

17  showing that RB's representations would lead a reasonable consumer to believe that Woolite

18  Laundry Detergent actually renews color.  As to the second ground, failure to satisfy Rule 9(b),

19  Prescott argues that he has alleged the circumstances constituting fraud with adequate specificity.

20  The Court notes that Prescott construes RB's Rule 9(b) challenge as relating only to the claims

21  under the UCL (Claim 1) and CLRA (Claim 2).  In the reply, RB clarifies that it seeks dismissal of

22  the entire FAC under Rule 9(b), including the Quasi-Contract Claim for Restitution (Claim 3).  RB

23  cites authority from this district holding that where a quasi-contract claim is based on the same

24  allegedly misleading advertising giving rise to UCL and CLRA claims, the quasi-contract claim

25  "also sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements."  *In re Arris*

26  *Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 WL 288085, at *10 (N.D. Cal. Jan.

27  4, 2018) (collecting cases).  The Court therefore considers the Rule 9(b) challenge with respect to

28  all three claims in the FAC.

1    In light of the above, the only issues remaining for the Court's consideration are RB's

2    contentions that (1) the UCL and CLRA claims fail to satisfy the reasonable consumer standard,

3    and (2) the UCL, CLRA, and quasi-contract claims fail to satisfy the heightened pleading standard

4    of Rule 9(b).  The Court addresses those issues in turn.

5         **A.       Reasonable Consumer Standard**

6         Prescott's claims under the UCL (Claim 1) and CLRA (Claim 2) are grounded in his

7    assertion that RB's advertising and labeling misled him and other consumers into believing that

8    Woolite Laundry Detergent revives color in clothing when it does not.  *See* SAC ¶¶ 63-64, 77-79.

9    RB argues that Prescott has failed to allege facts showing that a reasonable consumer would be

10   misled by the Woolite Laundry Detergent label, and that Prescott cannot rely on television or

11   YouTube commercials absent allegations that he saw such commercials.

12        The UCL prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus.

13   & Prof. Code § 17200.  The CLRA prohibits "unfair methods of competition and unfair or

14   deceptive acts or practices."  Cal. Civ. Code § 1770.  Prescott's "claims under these California

15   statutes are governed by the 'reasonable consumer' test."  *Williams v. Gerber Prod. Co.*, 552 F.3d

16   934, 938 (9th Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)).  "Under

17   the reasonable consumer standard, [Prescott] must show that members of the public are likely to

18   be deceived."  *Id.*  The claims "must be premised on some statement or representation by the

19   defendant about the product."  *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1169 (C.D.

20   Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016).  A plaintiff's mistaken belief about the

21   product, untethered to a statement or representation by the defendant, is insufficient to state a

22   claim under the UCL or CLRA.  *See id.* at 1169-70 ("[L]iability must be premised on a statement

23   or representation of some kind," and "cannot be premised solely on a consumer's assumptions

24   about a product.").

25        Application of the reasonable consumer standard involves "questions of fact that are

26   appropriate for resolution on a motion to dismiss only in rare situations."  *Reid v. Johnson &*

27   *Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (quotation marks, citation, and alteration omitted); *see*

28   *also Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014) ("Whether a

United States District Court
Northern District of California

reasonable consumer would be deceived by a product label is generally a question of fact not amenable to determination on a motion to dismiss.").  "However, in rare situations a court may determine, as a matter of law, that the alleged violations of the UCL, FAL, and CLRA are simply not plausible."  *Ham*, 70 F. Supp. 3d at 1193.

The Court agrees with RB that Prescott may not rely on the contents of television and YouTube commercials that he did not view.  While Prescott alleges that he "saw television advertisements for Woolite Laundry Detergent" prior to his purchases, he does not allege the content of any such advertisements.  FAC ¶ 39.  The Court therefore has not considered Prescott's allegations regarding RB's television and YouTube commercials in evaluating Prescott's UCL and CLRA claims.  *See Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184 CRB, 2013 WL 1629191, at *2 (N.D. Cal. Apr. 16, 2013) ("A plaintiff is not permitted to support a claim alleging misleading product packaging with statements that he 'never read or relied upon' when making his purchase.").

The UCL and CLRA claims therefore turn solely on the product labeling itself.  RB argues that no reasonable consumer could interpret the labels on Woolite Laundry Detergent to mean that the detergent brings color back to clothing, citing *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225 (9th Cir. 2019).  In *Becerra*, the plaintiff claimed that that the use of the word "diet" in Diet Dr Pepper's brand name constituted an "implicit promise" that Diet Dr Pepper would assist in weight loss or healthy weight management.  *Becerra*, 945 F.3d at 1229.  After considering the commonly understood definition of the word "diet" when used as an adjective – "reduced in or free from calories" – the Ninth Circuit concluded that "no reasonable consumer would assume that Diet Dr Pepper's use of the term 'diet' promises weight loss or management."  *Id.* at 1229.  The Court went on to state that, "In context, the use of 'diet' in a soft drink's brand name is understood as a relative claim about the calorie content of that soft drink compared to the same brand's 'regular' (full-caloric) option."  *Id.*

*Becerra* is factually distinguishable from the present case.  Prescott's claims are not based on an implicit promise gleaned from the product name, but rather on an alleged explicit promise on the label that Woolite Laundry Detergent renews color in clothing.  The FAC includes images

1    of the front and back labels of Woolite Laundry Detergent, showing a rainbow-colored hexagon

2    surrounding the words "COLOR RENEW" in all capital letters on the front label, the same

3    rainbow-colored hexagon surrounding the words "How COLOR RENEW Works" on the back

4    label, and a graphic on the back label stating that the detergent "revives colors." FAC ¶¶ 19-20.

5        Moreover, the Ninth Circuit concluded in *Becerra* that the plaintiff's interpretation of the

6    Diet Dr Pepper label was contrary to both the dictionary definition of the word "diet" when used

7    as an adjective, as on the product label, and the common usage of the term "diet" in the

8    marketplace to mean reduced calorie content. Here, RB has failed to explain how Prescott's

9    interpretation of the words "renew" and "revives" is contrary to the dictionary definitions of those

10   words. "Renew" is defined to mean "to make like new : restore to freshness, vigor, or perfection."

11   *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/renew, last

12   viewed December 3, 2020. "Revive" is defined to mean "to restore to consciousness or life," and

13   alternatively, "to restore from a depressed, inactive, or unused state : bring back." *Merriam-*

14   *Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/revive, last viewed

15   December 3, 2020. Both of these meanings are consistent with Prescott's allegation that he

16   understood the labeling to represent that the detergent would bring color back to his clothing.

17       RB contends that Prescott's alleged understanding is objectively unreasonable in light of

18   the graphic on the detergent's back label. The graphic shows what appears to be a length of thread

19   or yarn with frayed pieces radiating outward along its length. FAC ¶ 20. The graphic shows the

20   length of thread or yarn becoming smooth, with the following wording running from left to right:

21   "smooths rough fibers," "removes pilling and fuzz," and "revives colors." *Id*. According to RB,

22   any reasonable consumer viewing this graphic would understand that the detergent gives the

23   appearance of revived color by smoothing clothing fibers, and that the detergent does not actually

24   put any color back into clothing. RB urges the Court to find as a matter of law that no reasonable

25   consumer could believe to the contrary.

26       The Court declines to make the factual determination urged by RB. As noted above,

27   "[w]hether a reasonable consumer would be deceived by a product label is generally a question of

28   fact not amenable to determination on a motion to dismiss." *Ham*, 70 F. Supp. 3d at 1193. As

1    alleged in the FAC, the Woolite Laundry Detergent bottle contains a prominent "COLOR

2    RENEW" logo on the front label, and an express statement that the product "revives color" on the

3    back label.  Prescott alleges that he took those representations at face value to mean that the

4    detergent renews or revives color in clothing.  The graphic on the back label relied on by RB does

5    not contradict Prescott's interpretation, but rather describes how color renewal is achieved.  The

6    Court concludes that this is not one of the "rare situations" in which the Court should determine as

7    a matter of law that the alleged violations of the UCL and CLRA are implausible.

8         RB's motion to dismiss under the reasonable consumer standard is DENIED.

9    **B.    Rule 9(b)**

10        RB next argues that all of Prescott's claims are subject to dismissal for failure to allege

11   fraud with the specificity required under Rule 9(b).  Rule 9(b) requires that "a party must state

12   with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "Averments of

13   fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."

14   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation marks and citation

15   omitted).  Prescott's UCL and CLRA claims must satisfy Rule 9(b) because they are grounded in

16   fraud.  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) ("Because

17   Davidson's common law fraud, CLRA, FAL, and UCL causes of action are all grounded in fraud,

18   the FAC must satisfy . . . the heightened pleading requirements of Rule 9(b).").  The Quasi-

19   Contract Claim likewise must satisfy Rule 9(b), because it is based on the same allegedly

20   misleading labeling giving rise to the UCL and CLRA claims.  *See Arris*, 2018 WL 288085, at

21   *10.

22        The Court agrees with RB that Prescott has not alleged any misrepresentations made in

23   television or YouTube commercials with adequate specificity.  While Prescott alleges that he

24   viewed television advertisements for Woolite Laundry Detergent prior to his purchases, he does

25   not allege the content of any such advertisements.  FAC ¶ 39.

26        However, the Court finds that Prescott has satisfied Rule 9(b) with respect to his claims

27   based on the detergent's labeling.  He alleges the "who," RB, and the "what," the Woolite Laundry

28   Detergent labeling.  The FAC clearly depicts the front and back labels of Woolite Laundry

United States District Court
Northern District of California

10

Detergent.  FAC ¶¶ 19-20.  Prescott alleges what aspects of the labeling he claims are misleading, specifically the COLOR RENEW logos on the front and back labels, and the statement that the detergent "revives color" on the back label.  FAC ¶¶ 19-20, 40-41.  As to the "when," Prescott alleges that RB began the COLOR RENEW representations in March 2017.  FAC ¶ 1.  He alleges the "where" by specifying his purchase of Woolite Laundry Detergent in Capitola, California.  FAC ¶ 37.  Finally, Prescott alleges facts showing "how" the COLOR RENEW labeling is misleading, explaining that his clothes faded after being washed in the detergent and that laboratory testing showed significant loss of color in clothing washed in the detergent.  FAC ¶¶ 33-35, 42-43.  These allegations are sufficient under Rule 9(b).  *See Chacanaca v. Quaker Oats Co.*, 752 F.Supp.2d 1111, 1126 (N.D. Cal. 2010) ("[P]laintiffs have identified the particular statements they allege are misleading, the basis for that contention, where those statements appear . . . , and the relevant time period in which the statements were used.  As such, they have satisfied the requisite who, what, when, where, and how of the misconduct charged." (quotation marks omitted)).

RB contends that Prescott's allegations are insufficient, because the graphic on the back label explaining how COLOR RENEW works unambiguously eliminates any deception.  *See Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (promotion must be considered "as a whole").  Specifically, RB argues that the graphic makes clear that the detergent "revives color" by smoothing rough fibers and removing pilling and fuzz.  *See* FAC ¶ 20.  The Court agrees with Prescott that the graphic does not operate as an unambiguous disclaimer of the "COLOR RENEW" representation.  The graphic merely explains the mechanism by which the detergent "revives color."

After reviewing the FAC as a whole, including its depictions of the front and back labels of Woolite Laundry Detergent, the Court concludes that Prescott has satisfied Rule 9(b) by adequately identifying the circumstances constituting the alleged fraud so that RB can respond to the claims.  *See Davidson*, 889 F.3d at 965.

RB's motion to dismiss under Rule 9(b) is DENIED.

IV.  **ORDER**

    (1)    The motion to dismiss is GRANTED IN PART WITHOUT LEAVE TO AMEND as to any claims for lack of substantiation, injunctive relief, or non-restitutionary disgorgement of profits, and otherwise is DENIED;

    (2)    Defendant shall file an answer on or before January 8, 2021; and

    (3)    This Order terminates ECF 26.

Dated:  December 3, 2020

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California