SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SASCHA HENRY, Cal. Bar No. 191914
JUTHAMAS J. SUWATANAPONGCHED, Cal. Bar No. 266313
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
E mail      shenry@sheppardmullin.com
            jsuwatanapongched@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL W. GARRITY, *Admitted Pro Hac Vice*
KHIRIN A. BUNKER, Cal. Bar No. 329314
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:  415.434.9100
Facsimile:  415.434.3947
E mail      pgarrity@sheppardmullin.com
            kbunker@sheppardmullin.com

Attorneys for Defendant Reckitt Benckiser LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| STEVEN ROBERT PRESCOTT, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 5:20-cv-02101-BLF<br>Assigned to: Hon. Beth L. Freeman<br><br>**DEFENDANT RECKITT BENCKISER LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[First Amended Complaint Filed: May 5, 2020] |

Reckitt Benckiser LLC ("RB"), by and through its attorneys, states as follows in answer to Plaintiff's First Amended Complaint:

1. Answering paragraph 1 of Plaintiff's First Amended Complaint, RB admits that it has produced labels and/or advertising for Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent with the statements "brings the color back", "revives color," and "Color Renew". RB otherwise objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

2. Answering paragraph 2 of Plaintiff's First Amended Complaint, RB admits that Proctor & Gamble brought a proceeding against RB before the National Advertising Division (NAD). Except as so admitted, RB denies the allegations.

3. Answering paragraph 3 of Plaintiff's First Amended Complaint, RB states that it has ceased production on products with revives color claims intended to be sold in the state where Plaintiff resides and therefore denies the allegations on that basis

4. Answering paragraph 4 of Plaintiff's First Amended Complaint, RB lacks knowledge and, therefore, denies the allegations.

5. Answering paragraph 5 of Plaintiff's First Amended Complaint, RB admits that Plaintiff's First Amended Complaint sought injunctive relief, but states that the Court has since dismissed all of Plaintiff's claims for injunctive relief, without leave to amend, in its Order dated December 3, 2020. RB further admits that Plaintiff seeks monetary compensation on behalf of a putative California Class. Except as so admitted, RB denies the allegations.

6. Answering paragraph 6 of Plaintiff's First Amended Complaint, RB lacks knowledge and, therefore, denies the allegations.

7. Answering paragraph 7 of Plaintiff's First Amended Complaint, RB admits that RB is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 399 Interpace Parkway, Parsippany, New Jersey 07054.

8. Answering paragraph 8 of Plaintiff's First Amended Complaint, RB admits that it is incorporated in Delaware and headquartered in New Jersey and that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).  Except as so admitted, RB denies the allegations.

9. Answering paragraph 9 of Plaintiff's First Amended Complaint, RB admits that it is incorporated in Delaware and headquartered in New Jersey, that jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(d), and that Plaintiff seeks more than $5,000,000 on behalf of the putative class.  Except as so admitted, RB denies the allegations.

10. Answering paragraph 10 of Plaintiff's First Amended Complaint, RB admits that it caused products to be sold in the state of California.  Except as so admitted, RB denies the allegations.

11. Answering paragraph 11 of Plaintiff's First Amended Complaint, RB admits that venue is proper.  Except as so admitted, RB denies the allegations.

12. Answering paragraph 12 of Plaintiff's First Amended Complaint, RB admits that it sells products related to health, hygiene, and home.  Except as so admitted, RB denies the allegations.

13. Answering paragraph 13 of Plaintiff's First Amended Complaint, RB states that to the extent that Plaintiff is restating material contained in the article attached as Exhibit A, the document speaks for itself.  Except as so admitted, RB denies the allegations.

14. Answering paragraph 14 of Plaintiff's First Amended Complaint, RB admits that since approximately 1990 it has marketed and sold laundry detergent under the Woolite brand name.  RB further admits that it markets and sells Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent.  Except as so admitted, RB denies the allegations.

15. Answering paragraph 15 of Plaintiff's First Amended Complaint, RB denies the allegations.

16. Answering paragraph 16 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

17. Answering paragraph 17 of Plaintiff's First Amended Complaint, RB admits that, it has previously produced labels and/or advertising for Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent with the statements "brings the color back", "revives color," and "Color Renew".  Except as so admitted, RB denies the allegations.

18. Answering paragraph 18 of Plaintiff's First Amended Complaint, RB admits that it has previously produced labels and/or advertising for Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent with the statements "brings the color back", "revives color," and "Color Renew".  Except as so admitted, RB denies the allegations.

19. Answering paragraph 19 of Plaintiff's First Amended Complaint, RB states that each label depicted in Figures 1 and 2 speaks for itself.  Except as so admitted, RB denies the allegations.

20. Answering paragraph 20 of Plaintiff's First Amended Complaint, RB states that each label depicted in Figures 3 and 4 speaks for itself.  Except as so admitted, RB denies the allegations.

21. Answering paragraph 21 of Plaintiff's First Amended Complaint, RB states that the YouTube video referenced in footnote 2 speaks for itself but states that the Court has since ordered that "Prescott may not rely on the contents of television and YouTube commercials that he did not view" and that Plaintiff's "UCL and CLRA claims therefore turn solely on the product labeling itself" in its Order dated December 3, 2020.  Except as so admitted, RB denies the allegations.

22. Answering paragraph 22 of Plaintiff's First Amended Complaint, RB states that the purported screenshot from the YouTube video referenced in footnote 3 speaks for itself but states that the Court has since ordered that "Prescott may not rely on the contents of television and YouTube commercials that he did not view" and that Plaintiff's "UCL and CLRA claims therefore turn solely on the product labeling itself" in its Order dated December 3, 2020.  Except as so admitted, RB denies the allegations.

23. Answering paragraph 23 of Plaintiff's First Amended Complaint, RB states that the web page referenced in footnote 4 speaks for itself but states that the Court has since ordered that "Prescott may not rely on the contents of television and YouTube commercials that he did not

view" and that Plaintiff's "UCL and CLRA claims therefore turn solely on the product labeling itself" in its Order dated December 3, 2020.  Except as so admitted, RB denies the allegations.

24.	Answering paragraph 24 of Plaintiff's First Amended Complaint, RB states that the web page referenced in footnote 5 speaks for itself but states that the Court has since ordered that "Prescott may not rely on the contents of television and YouTube commercials that he did not view" and that Plaintiff's "UCL and CLRA claims therefore turn solely on the product labeling itself" in its Order dated December 3, 2020.  Except as so admitted, RB denies the allegations.

25.	Answering paragraph 25 of Plaintiff's First Amended Complaint, RB states that the Court has since ordered that "Prescott may not rely on the contents of television and YouTube commercials that he did not view" and that Plaintiff's "UCL and CLRA claims therefore turn solely on the product labeling itself" in its Order dated December 3, 2020.  To the extent a further response is required, RB denies the allegations.

26.	Answering paragraph 26 of Plaintiff's First Amended Complaint, RB states that the Court has since ordered that "Prescott may not rely on the contents of television and YouTube commercials that he did not view" and that Plaintiff's "UCL and CLRA claims therefore turn solely on the product labeling itself" in its Order dated December 3, 2020.  To the extent a further response is required, RB denies the allegations.

27.	Answering paragraph 27 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  RB further states that to the extent that Plaintiff is restating material contained in the chart, or the article referenced in footnote 6, the document speaks for itself.  To the extent a further response is required, RB denies the allegations.

28.	Answering paragraph 28 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

29.	Answering paragraph 29 of Plaintiff's First Amended Complaint, RB states that the web page referenced in the URL link in footnote 7 speaks for itself.  Except as so admitted, RB lacks knowledge and, therefore, denies the allegations.

30. Answering paragraph 30 of Plaintiff's First Amended Complaint, RB states that the web page referenced in the URL link in footnote 8 speaks for itself.  Except as so admitted, RB denies the allegations.

31. Answering paragraph 31 of Plaintiff's First Amended Complaint, RB states that the web page referenced in the URL link in footnote 9 speaks for itself.  Except as so admitted, RB denies the allegations.

32. Answering paragraph 32 of Plaintiff's First Amended Complaint, RB states that each label depicted in Figures 3 and 4 speaks for itself but states that the Court has since ordered that "Prescott may not rely on the contents of television and YouTube commercials that he did not view" and that Plaintiff's "UCL and CLRA claims therefore turn solely on the product labeling itself" in its Order dated December 3, 2020.  To the extent a further response is required, RB denies the allegations.

33. Answering paragraph 33 of Plaintiff's First Amended Complaint, RB lacks knowledge and, therefore, denies the allegations.

34. Answering paragraph 34 of Plaintiff's First Amended Complaint, RB lacks knowledge and, therefore, denies the allegations.

35. Answering paragraph 35 of Plaintiff's First Amended Complaint, RB lacks knowledge and, therefore, denies the allegations.

36. Answering paragraph 36 of Plaintiff's First Amended Complaint, RB lacks knowledge and, therefore, denies the allegations.

37. Answering paragraph 37 of Plaintiff's First Amended Complaint, RB lacks knowledge and, therefore, denies the allegations.

38. Answering paragraph 38 of Plaintiff's First Amended Complaint, RB lacks knowledge and, therefore, denies the allegations.

39. Answering paragraph 39 of Plaintiff's First Amended Complaint, RB states that the Court has since ordered that "Prescott may not rely on the contents of television and YouTube commercials that he did not view" and that Plaintiff's "UCL and CLRA claims therefore turn

solely on the product labeling itself" in its Order dated December 3, 2020. To the extent a further response is required, RB lacks knowledge and, therefore, denies the allegations.

40. Answering paragraph 40 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB lacks knowledge and, therefore, denies the allegations.

41. Answering paragraph 41 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB lacks knowledge and, therefore, denies the allegations.

42. Answering paragraph 42 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB lacks knowledge and, therefore, denies the allegations.

43. Answering paragraph 43 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB lacks knowledge and, therefore, denies the allegations.

44. Answering paragraph 44 of Plaintiff's First Amended Complaint, RB incorporates by reference its responses to paragraphs 1-43 above.

45. Answering paragraph 45 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB lacks knowledge and, therefore, denies the allegations.

46. Answering paragraph 46 of Plaintiff's First Amended Complaint, RB denies the allegations.

47. Answering paragraph 47 of Plaintiff's First Amended Complaint, RB denies the allegations.

48. Answering paragraph 48 of Plaintiff's First Amended Complaint, RB denies the allegations.

49. Answering paragraph 49 of Plaintiff's First Amended Complaint, RB denies the allegations.

50. Answering paragraph 50 of Plaintiff's First Amended Complaint, RB admits that Plaintiff purports to bring this action on behalf of the putative class described in the paragraph. Except as so admitted, RB denies the allegations.

51. Answering paragraph 51 of Plaintiff's First Amended Complaint, RB admits that Plaintiff purports to bring this action on behalf of the putative class described in the paragraph. Except as so admitted, RB denies the allegations.

52. Answering paragraph 52 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

53. Answering paragraph 53 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

54. Answering paragraph 54 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

55. Answering paragraph 55, and sub-paragraphs (a.)-(c.), of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

56. Answering paragraph 56 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

57. Answering paragraph 57 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

58. Answering paragraph 58 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

59. Answering paragraph 59 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

60. Answering paragraph 60 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

61. Answering paragraph 61 of Plaintiff's First Amended Complaint, RB incorporates by reference its responses to paragraphs 1-60 above.

62. Answering paragraph 62 of Plaintiff's First Amended Complaint, RB admits that the California Business and Professions Code speaks for itself.  Except as so admitted, RB denies the allegations.

63. Answering paragraph 63 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

64. Answering paragraph 64 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

65. Answering paragraph 65 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact.  To the extent a further response is required, RB denies the allegations.

66. Answering paragraph 66 of Plaintiff's First Amended Complaint, RB admits that Plaintiff's First Amended Complaint purports to seek "equitable relief" and "to restore to the Class

1  all money Reckitt Benckiser may have acquired by means of its fraudulent business practices" but
2  states that the Court has since dismissed "any claims for lack of substantiation, injunctive relief, or
3  non-restitutionary disgorgement of profits", without leave to amend, in its Order dated
4  December 3, 2020.  Except as so admitted, RB denies the allegations.

5        67.    Answering paragraph 67 of Plaintiff's First Amended Complaint, RB admits that
6  Plaintiff's First Amended Complaint purports to seek "injunctive and other equitable relief", but
7  states that the Court has since dismissed all of Plaintiff's claims for injunctive relief, without leave
8  to amend, in its Order dated December 3, 2020.  Except as so admitted, RB denies the allegations.

9        68.    Answering paragraph 68 of Plaintiff's First Amended Complaint, RB incorporates
10 by reference its responses to paragraphs 1-67 above.

11       69.    Answering paragraph 69 of Plaintiff's First Amended Complaint, RB objects to the
12 allegations to the extent the allegations call for a legal conclusion and/or the application of law to
13 fact.  To the extent a further response is required, RB denies the allegations.

14       70.    Answering paragraph 70 of Plaintiff's First Amended Complaint, RB objects to the
15 allegations to the extent the allegations call for a legal conclusion and/or the application of law to
16 fact.  To the extent a further response is required, RB denies the allegations.

17       71.    Answering paragraph 71 of Plaintiff's First Amended Complaint, RB objects to the
18 allegations to the extent the allegations call for a legal conclusion and/or the application of law to
19 fact.  To the extent a further response is required, RB denies the allegations.

20       72.    Answering paragraph 72 of Plaintiff's First Amended Complaint, RB objects to the
21 allegations to the extent the allegations call for a legal conclusion and/or the application of law to
22 fact.  To the extent a further response is required, RB denies the allegations.

23       73.    Answering paragraph 73 of Plaintiff's First Amended Complaint, RB admits that
24 Plaintiff Prescott has filed an affidavit.  Except as so admitted, RB objects to the allegations to the
25 extent the allegations call for a legal conclusion and/or the application of law to fact.  To the
26 extent a further response is required, RB denies the allegations.

27
28

74. Answering paragraph 74 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

75. Answering paragraph 75 of Plaintiff's First Amended Complaint, and sub-paragraphs (a.)-(b.), RB admits that the California Civil Code speaks for itself. Except as so admitted, RB denies the allegations.

76. Answering paragraph 76 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

77. Answering paragraph 77 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

78. Answering paragraph 78 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

79. Answering paragraph 79 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

80. Answering paragraph 80 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

81. Answering paragraph 81 of Plaintiff's First Amended Complaint, RB admits that Plaintiff's First Amended Complaint purports to seek "injunctive and equitable relief" but states that the Court has since dismissed "any claims for lack of substantiation, injunctive relief, or non-restitutionary disgorgement of profits", without leave to amend, in its Order dated December 3, 2020. Except as so admitted, RB denies the allegations.

82. Answering paragraph 82 of Plaintiff's First Amended Complaint, RB admits that the referenced correspondence speaks for itself. Except as so admitted, RB denies the allegations.

83. Answering paragraph 83 of Plaintiff's First Amended Complaint, RB admits that Plaintiff's First Amended Complaint purports to seek "an award of actual damages, restitution, punitive damages, and any other relief that the court deems proper" but states that the Court has since dismissed "any claims for lack of substantiation, injunctive relief, or non-restitutionary disgorgement of profits", without leave to amend, in its Order dated December 3, 2020. Except as so admitted, RB denies the allegations.

84. Answering paragraph 84 of Plaintiff's First Amended Complaint, RB admits that Plaintiff's First Amended Complaint purports to seek "costs and reasonable attorneys' fees under Civil Code section 1780(e)." Except as so admitted, RB denies the allegations.

85. Answering paragraph 85 of Plaintiff's First Amended Complaint, RB incorporates by reference its responses to paragraphs 1-84 above.

86. Answering paragraph 86 of Plaintiff's First Amended Complaint, RB admits that Plaintiff's First Amended Complaint purports to seek "restitution in quasi contract" but states that the Court has since dismissed "any claims for lack of substantiation, injunctive relief, or non-restitutionary disgorgement of profits", without leave to amend, in its Order dated December 3, 2020. Except as so admitted, RB denies the allegations.

87. Answering paragraph 87 of Plaintiff's First Amended Complaint, RB objects to the allegations to the extent the allegations call for a legal conclusion and/or the application of law to fact. To the extent a further response is required, RB denies the allegations.

88. Answering paragraph 88 of Plaintiff's First Amended Complaint, RB denies the allegations.

89. Answering paragraph 89 of Plaintiff's First Amended Complaint, RB denies the allegations.

90. Answering paragraph 90 of Plaintiff's First Amended Complaint, RB admits that Plaintiff's First Amended Complaint purports to seek "restitution and/or disgorgement of profits in an amount to be proven at trial" but that states the Court has since dismissed "any claims for lack of substantiation, injunctive relief, or non-restitutionary disgorgement of profits", without leave to amend, in its Order dated December 3, 2020. Except as so admitted, RB denies the allegations.

## AFFIRMATIVE DEFENSES

BY WAY OF DEFENSES, and without conceding that it has the burden of proof as to any of these matters, RB alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute a Cause of Action)

1. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB fails to state facts sufficient to constitute a cause of action against RB.

### SECOND AFFIRMATIVE DEFENSE

(Reasonable Consumer Not Deceived)

2. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB fails, in whole or in part, because the Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent products as delivered have met the needs and expectations of consumers and no reasonable consumer would interpret the alleged communications and advertising in the manner Plaintiff alleges or rely on them to their detriment.

### THIRD AFFIRMATIVE DEFENSE

(No Reliance)

3. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB fails, in whole or in part, because Plaintiff does not sufficiently allege any misrepresentations upon which he relied.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

4. Plaintiff's purported claims are barred, in whole or in part, to the extent Plaintiff seeks relief for any purported claims that were not brought before the expiration of the applicable statute of limitations, including but not limited to, California Business and Professions Code section 17208, California Code of Civil Procedure sections 338(a) and 338(d), and/or California Civil Code section 1783.

**FIFTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

5. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB fails, in whole or in part, because Plaintiff lacks standing to pursue the asserted claims. Among other things, Plaintiff should be barred from pursuing claims based upon representations that Plaintiff did not rely upon and therefore suffered no injury.

**SIXTH AFFIRMATIVE DEFENSE**

(Compliance with Statutes, Regulations and Industry Standards)

6. To the extent that RB engaged in any of the activities alleged in the Complaint, those activities were in compliance with, and pursuant to, statutes, government regulations and industry standards in existence at the time of the activities.

**SEVENTH AFFIRMATIVE DEFENSE**

(Justification and Privilege)

7. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is barred, in whole or in part, because RB actions, if any, respecting the subject matters alleged therein were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper and justified means.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Proximate Cause)

8. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB fails, in whole or in part, because RB's conduct was not the proximate cause of the harm alleged therein.

**NINTH AFFIRMATIVE DEFENSE**

(Good Faith Belief)

9. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is barred, in whole or in part, because, at all times and places mentioned, RB acted without malice and with a good faith belief in the propriety of its conduct.

## TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

10. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is barred, in whole or in part, by the doctrine of unclean hands. RB asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the First Amended Complaint, it is possible that one or more members of the putative class, including Plaintiff, have engaged in misconduct that would make it inequitable for them to obtain any relief from RB.

## ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is barred, in whole or in part, by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

12. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is barred, in whole or in part, by the doctrine of waiver. RB asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the First Amended Complaint, it is possible that one or more members of the putative class, including Plaintiff, have waived their right to obtain relief against RB. Among other things, the proposed class, as defined in the Amended Complaint, includes consumers who have continued to purchase RB products with notice as to the way in which the Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent products remove pilling and fuzz to revive color in clothing. Such consumers have waived their right to obtain relief against RB.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Laches)

13. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is barred, in whole or in part, by the doctrine of laches. In particular,

Plaintiff's delay in filing the lawsuit has been substantially prejudicial to RB. RB asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the First Amended Complaint, it is possible that one or more members of the putative class, including Plaintiff, have, by virtue of their delay, waived any right to obtain relief against RB.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

14. If Plaintiffs and the putative class members have suffered any damages by reason of any acts, omissions, or courses of conduct on the part of RB, all or part of the damages were caused by or attributable to the failure of Plaintiff and the class to act reasonably or prudently to mitigate their damages. RB asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the First Amended Complaint, it is possible that one or more members of the putative class, including Plaintiff, have failed to mitigate any alleged damages. Among other things, the proposed class, as defined in the First Amended Complaint, includes consumers who continued to purchase the Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent products with notice of how the products remove pilling and fuzz to revive color in clothing. If such consumers nevertheless continued to purchase the Woolite products they failed to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to Take Advantage of Preventative or Corrective Opportunities)

15. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by RB to avoid the alleged harm, if any, including, but not limited to availing himself of retailer and/or manufacturer return policies if Plaintiff did not find the Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent products satisfactory or meeting his expectations.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

16. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is barred, in whole or in part, on the ground that any award or relief against RB would result in unjust enrichment to the Plaintiff and the class.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Offset)

17. If any award or relief is entered against RB, the recovery must be offset by the value of the Woolite Darks laundry detergent and Woolite Gentle Cycle laundry detergent products furnished by RB.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Class Action Requirements Not Met)

18. Plaintiff cannot properly bring this case as a class action under Federal Rule of Civil Procedure 23 because Plaintiff cannot satisfy its requirements. Individual questions of fact and law predominate over common questions, Plaintiff is not an adequate class representative, her claims are not typical of those belonging to the alleged class members and other class requirements cannot be satisfied, including presenting a viable damages model.

### NINETEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

19. Plaintiff is not entitled to recover punitive damages, in whole or in part, from RB under applicable of law.

### TWENTIETH AFFIRMATIVE DEFENSE

(Additional Defenses Against Unnamed Class Members and Reservation)

20. RB may have additional defenses against the unnamed members of the class that Plaintiff purports to represent. RB reserves the right to assert additional defenses against the unnamed members of the class or subclass that Plaintiff purports to represent if a class or a subclass is certified against RB and as the factual basis for each additional defense becomes

known. RB specifically reserves the right to amend this Answer by way of adding additional defenses.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Particularity)

21. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is barred, in whole or in part, on the ground that the First Amended Complaint fails to describe the alleged fraud with requisite particularity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Entitlement to Attorneys' Fees)

22. The First Amended Complaint, and each of the purported causes of action asserted therein, against RB is frivolous, vexatious and unreasonable, thereby entitling RB to an award of its reasonable attorneys' fees.

### DEMAND FOR JURY TRIAL

RB hereby makes its demand for a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's First Amended Complaint and having asserted affirmative defenses, RB prays for judgment as follows:

1. For dismissal of all claims and causes of action against RB alleged in Plaintiff's First Amended Complaint with prejudice;

2. For denial of certification of this matter as a class action;

3. For all costs, disbursements and legal fees in an amount to be determined at the time of trial; and

4. For such other and further relief as the Court deems just and equitable.

Dated: January 8, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Sascha Henry*
SASCHA HENRY
PAUL W. GARRITY
JUTHAMAS J. SUWATANAPONGCHED
KHIRIN A. BUNKER
Attorneys for Defendant Reckitt Benckiser LLC