UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN PRESCOTT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 20-cv-02101-BLF   (VKD)<br><br>**ORDER RE JULY 23, 2021 DISCOVERY DISPUTE RE NAD COMMUNICATIONS**<br><br>Re: Dkt. No. 101 |

Plaintiffs and defendant Reckitt Benckiser LLC ("RB") ask the Court to resolve their dispute concerning RB's communications with the National Advertising Division ("NAD") of the Better Business Bureau concerning NAD's investigation of RB's "color renewal" claims for Woolite laundry detergent. Dkt. No. 101. The Court held a hearing on the matter on August 3, 2021. Dkt. No. 106.

For the reasons explained below, the Court concludes that RB's objections to this discovery are not well-taken.

I.  **BACKGROUND**

Plaintiffs ask the Court to order RB to produce its written communications with the NAD and to permit its employee Heidi Fuentes to answer questions in deposition about her written and oral communications with the NAD. RB objects to this discovery on two grounds. First, RB points out that plaintiffs have already obtained "claim substantiation" documents and the NAD participants' advocacy papers. RB argues that plaintiffs do not also need RB's ex parte communications with NAD. Second, RB objects that any such communications were exchanged with NAD in confidence, and that compliance with plaintiffs' discovery requests would require

1    RB to violate NAD's confidentiality rules.

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In addition, a party may seek a protective order, based on a showing of good cause, forbidding the discovery sought or requiring that it be revealed only in a specified way. *See* Fed. R. Civ. 26(c)(1)(A), (G); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

## III. DISCUSSION

As explained at the hearing, the parties' dispute is limited to ex parte communications between NAD and RB in connection with the NAD's investigation of Procter & Gamble's challenge to RB's "color renewal" claims. Plaintiffs contend that any such communications are relevant to this action because they may contain admissions regarding pertinent facts, including RB's testing methodology or the basis for RB's scientific claims. *See* Dkt. No. 101 at 3.

With respect to documents responsive to plaintiff Steven Prescott's Request for Production No. 21, the discussion at the hearing revealed that RB does not know and has not investigated whether any responsive ex parte communications exist. However, Ms. Fuentes apparently acknowledged during her deposition that she had responsive oral communications with NAD in New York. The Court is persuaded by Plaintiffs' argument that such ex parte communications (whether written or oral) are likely to include information relevant to the claims and defenses in this case.

The Court now considers whether RB has shown good cause to preclude discovery of these communications. RB's principal concern appears to be that if it is required to produce its

communications with NAD, the benefits and utility of the confidential NAD dispute resolution process will be substantially undermined and RB itself may be prevented by the NAD from participating in its future proceedings. These arguments are not persuasive. Nothing in the record supports RB's speculation that NAD will not permit it to participate in the NAD dispute resolution process if RB is required to disclose its communications with NAD in discovery. Indeed, NAD's main concern appears to be that *it* not be required to disclose these materials. *See* Dkt. No. 101-3. "Moreover, parties may not artificially deprive the court of the ability to order discovery by entering into a private agreement with the threat of liability for disclosure." *Lytel v. Simpson*, No. C 05-1937 JF (PVT), 2006 WL 8459764, at *2 (N.D. Cal. Jun. 23, 2006). For these reasons, the Court finds that RB has not demonstrated the prejudice *Foltz* requires for an order precluding discovery.

For purposes of this discovery dispute, the Court accepts RB's representation that its communications with NAD are confidential and that public disclosure of the communications would be harmful to RB. However, RB's confidentiality interests can be protected by invoking the provisions of the protective order in this case, so that individual plaintiffs, the public, and RB's competitors do not have access to the communications.

Finally, while the parties refer to documents RB has listed on its privilege log, they have not presented any dispute to the Court about the merits of RB's privilege claims, and the log itself has not been provided to the Court. Therefore, this order does not address RB's privilege claims.

## IV. CONCLUSION

For the reasons explained above, the Court orders as follows:

1. RB must investigate whether any written ex parte communications responsive to Request for Production No. 21 exist and advise Plaintiffs in writing by **August 10, 2021** if they do or do not exist. Any responsive ex parte communications must be produced by **August 13, 2021**.
2. RB must produce Ms. Fuentes to testify in deposition concerning the communications as to which she was instructed not to answer during her earlier deposition. Such deposition must occur no later than **August 17, 2021**, unless the

3

parties stipulate to a different date. The further deposition may not exceed 1 hour unless the parties agree otherwise.

**IT IS SO ORDERED.**

Dated: August 3, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4