UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN PRESCOTT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 20-cv-02101-BLF   (VKD)<br><br>**ORDER RE JULY 23, 2021 DISCOVERY DISPUTE RE DEFENDANT'S DISCOVERY**<br><br>Re: Dkt. No. 102 |

Plaintiffs and defendant Reckitt Benckiser LLC ("RB") ask the Court to resolve their dispute concerning RB's document requests. Dkt. No. 102. The Court deems this dispute suitable for resolution without oral argument. Civ. L.R. 7-1(b).

The parties raise disputes about three separate matters: (1) plaintiffs' counsel's advertisements soliciting consumers of the products at issue, (2) documents RB subpoenaed from TexTest, and (3) plaintiffs' communications with Procter & Gamble ("P&G") regarding plaintiffs' document subpoena. The Court addresses each dispute below.[1]

**1.     RB's Request for Production No. 37 (Prescott) - advertisements**

RB requests production of "all documents relating to communications [plaintiffs' counsel] had with any person or organization soliciting consumers of the [Woolite products at issue] regarding the allegations in [plaintiffs'] complaint . . ." Dkt. No. 102 at 2. Specifically, RB requests production of advertisements plaintiffs' counsel Cohen Milstein placed on the websites

---

[1] Contrary to the directions in the Court's Standing Order, the parties have combined multiple, unrelated issues in a single discovery dispute submission. The Court will strike future non-compliant submissions.

classactions.org and topclassactions.com, soliciting potential plaintiffs for this action. *Id.* at 2-3. RB says that plaintiffs Prescott, Kittredge, and Anello have testified that they learned about this action from such advertisements, and plaintiffs' counsel have confirmed that at least one such advertisement exists. *Id.* at 3.

RB contends that the advertisements are relevant to the questions of whether plaintiffs are adequate representatives of the class and whether Cohen Milstein are adequate class counsel. RB suggests that the advertisements "may reveal information that informed [plaintiffs'] testimony or motivations in bringing this lawsuit, including any promises that counsel made to them about their participation." *Id*. Plaintiffs contend that such advertisements are not relevant to any matter bearing on class certification. *Id.* at 5-6.

While it is entirely possible that counsel's solicitation of plaintiffs could bear on the adequacy of plaintiffs' representation of the class or counsel's ability to serve as class counsel, RB has articulated no basis for suspecting that is likely in this case. RB points to no information suggesting that the advertisements contained improper inducements or promises, even though RB has presumably questioned plaintiffs about the existence of any such inducements or promises in their depositions. *See id.* at 3 (citing depositions of plaintiffs Prescott, Kittredge, and Anello). RB does not contend there is anything improper about counsel's soliciting plaintiffs per se. Rather, RB's discovery demand appears to be based solely on speculation that the content or manner of solicitation included improper inducements or promises to potential class representatives. While the discovery RB seeks does not appear to be at all burdensome, the Court is not persuaded it is relevant on the facts presented here. *See, e.g., In re Google AdWords Litig.,* No. C08-03369 JW HRL, 2010 WL 4942516, at *5 (N.D. Cal. Nov. 12, 2010) (denying discovery of engagement agreements based on speculation regarding potential conflict of interest where party had opportunity to question witnesses regarding potential conflict in deposition).

Accordingly, the Court denies RB's request for an order compelling production of the advertisements responsive to this document request.

**2.     Document subpoena to TexTest**

RB states that it served a subpoena on non-party TexTest, seeking production of

2

unspecified documents relating to testing on which plaintiffs rely to support their claims. Dkt. No. 102 at 4. TexTest, which apparently is represented by the same counsel representing plaintiffs, objected to the subpoena, but RB contends these objections were late and are therefore waived. *Id.* TexTest is not a party to the discovery dispute presented to the Court. However, plaintiffs object on their own behalf that RB's efforts to obtain discovery of communications between plaintiffs' counsel and TexTest are protected from disclosure by the attorney-client privilege and the attorney work product doctrine because plaintiffs have retained TexTest as an expert in this case. *Id.* at 6.

To the extent plaintiffs have retained TexTest as a testifying expert, the Federal Rules of Civil Procedure govern the scope of discovery from such an expert. *See* Fed. R. Civ. P. 26(b)(4). Rule 26(b)(4)(C) requires the disclosure of communications between counsel and the expert "to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii). Other communications generally are protected from disclosure under Rule 26(b)(3)(A) and (B). *Id.*

Unfortunately, the parties' dispute is presented at such a high level of generality that the Court cannot determine whether the documents at issue fall within the category that must be disclosed under Rule 26(b)(4)(C), and the Court denies RB's request on this basis. Suffice it to say that if plaintiffs and TexTest refuse to produce documents within the scope of Rule 26(b)(4)(C), or as required by Rule 26(a)(2) and (3), plaintiffs run the risk that the expert evidence on which they expect to rely may be excluded by the presiding judge.[2]

### 3. Request for Production No. 61 (Prescott) – P&G subpoena communications

RB requests production of "all communications [plaintiffs] have had with any third-party

---

[2] The Court does not consider whether TexTest has otherwise timely complied with RB's subpoena under Rule 45, as TexTest does not appear to be a party to this discovery dispute submission.

you have subpoenaed relating to this matter." Dkt. No. 102 at 4.  RB contends that plaintiffs' communications with P&G regarding plaintiffs' subpoena are responsive to this request and have not been produced.  *Id.*  Plaintiffs object to the production of their counsel's communications with P&G's counsel.  *Id.* at 7.

RB's abbreviated discussion of this document request includes no explanation whatsoever regarding how the discovery is relevant to any issue in the case.  Accordingly, the Court denies RB's request for an order compelling production of documents responsive to this request.

**IT IS SO ORDERED.**

Dated: August 4, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge