**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEVEN PRESCOTT, et al., individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No.  20-cv-02101-BLF<br><br>**OMINBUS ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF 110, 114, 119, 120, 122, 123, 125] |

This order addresses seven administrative sealing motions filed by Plaintiffs and Defendant Reckitt Benckiser LLC ("Reckitt"), all relating to briefing supporting and opposing Plaintiffs' motion for class certification:  (1) Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed in Connection with Plaintiffs' Motion for Class Certification (ECF 110); (2) Reckitt's Administrative Motion to File Under Seal Plaintiffs' Motion for Class Certification and Related Documents (ECF 114); (3) Reckitt's Administrative Motion to File Under Seal Defendant's Opposition to Plaintiffs' Motion for Class Certification and Related Documents (ECF 119); (4) Reckitt's Administrative Motion to Consider Whether Another Party's Materials Should be Sealed in Connection with Plaintiffs' Motion for Class Certification (ECF 120); (5) Plaintiffs' Administrative Motion to File Under Seal an Excerpt of Exhibit 7 to Defendant Reckitt Benckiser's Opposition to Class Certification (ECF 122); (6) Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Filed Under Seal in Connection with Plaintiffs' Reply in Support of Motion for Class Certification (ECF 123); and (7) Reckitt's Administrative Motion to File Under Seal Plaintiffs' Reply in Support of Motion for Class Certification and Related Documents (ECF 125).

United States District Court<br>Northern District of California

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

Under this Court's Civil Local Rules, a party moving to seal a document in whole or in part must file a statement identifying the applicable legal standard, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient.  Civ. L.R. 79-5(c)(1).  A supporting declaration shall be submitted if necessary.  Civ. L.R. 79-5(c)(2).  Finally, the moving party must submit "a proposed order that is narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).  Where the moving party requests sealing of material that has been designated confidential by another party, the designating party has the burden to establish that the material should be sealed.  Civ. L.R. 79-5(f)(3).

## II.  DISCUSSION

This Court previously has determined "that the compelling reasons standard applies to motions to seal documents relating to class certification."  *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases).  The sealing motions before the Court address three sets of documents:  Plaintiffs' motion for class certification and supporting exhibits; Reckitt's opposition to class certification and supporting exhibits; and Plaintiffs' reply in support of class certification.  The Court addresses the parties' motions related to these three sets of documents in turn.

### A.  Sealing Motions Re Motion for Class Certification (ECF 110, 114)

Plaintiffs have filed a motion to consider whether another party's materials should be sealed (ECF 110), noting that substantial portions of their motion for class certification and

United States District Court
Northern District of California

United States District Court
Northern District of California

1    supporting exhibits contain materials designated as confidential by Reckitt.

2         Consistent with the Court's Civil Local Rules, Reckitt has responded by filing an

3    administrative motion to file under seal (ECF 114) the subject portions of Plaintiffs' motion for

4    class certification and supporting exhibits.  Reckitt argues that compelling reasons exist to seal the

5    materials at issue, and that its sealing requests are narrowly tailored to redact only those portions

6    of the filings that disclose confidential, non-public information related to Reckitt's product

7    formulation, trade secret testing protocols, internal communications regarding decision-making

8    and strategy, financial information, and confidential submissions to the National Advertising

9    Division ("NAD").  Reckitt's sealing motion is supported by the declarations of Chris Tyrell (ECF

10   114-1), Reckitt's Senior Brand Manager, Household, and Khirin A. Bunker (ECF 114-2),

11   Reckitt's counsel in this case.

12        Plaintiffs have filed a reply (ECF 118) asserting that none of the Reckitt materials at issue

13   should be sealed, that Reckitt has not met the compelling reasons test for sealing, and that the

14   public has a right to access all materials filed in connection with the pending class certification

15   motion.

16        Mr. Tyrell's declaration establishes that the materials at issue relate to detergent formulas,

17   product development, and testing protocols, which clearly are protectible as trade secrets; internal

18   business strategies and communications; and confidential financial information.  *See* Tyrell Decl.

19   ¶¶ 2-58, ECF 114-1.  Courts within the Ninth Circuit commonly grant sealing requests to protect

20   exactly this type of information.  *See, e.g., In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir.

21   2008) (finding compelling reasons for sealing "business information that might harm a litigant's

22   competitive strategy"); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F.Supp.3d

23   1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets,

24   marketing strategies, product development plans, detailed product-specific financial information,

25   customer information, internal reports[.]'") (quoting *In re Apple Inc. Device Performance Litig.*,

26   No. 5:19-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)); *Krieger v.*

27   *Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing

28   request of "long-term financial projections, discussions of business strategy, and competitive

analyses").

Mr. Bunker's declaration explains that many of Plaintiffs' exhibits contain materials that are not cited or relied on in Plaintiffs' class certification motion.  Mr. Bunker requested to Plaintiffs stipulate to the filing of reduced versions of the exhibits in question, excluding pages not relied on in Plaintiffs' motion, and Plaintiffs refused.  *See* Bunker Decl. ¶¶ 2-9, ECF 114-2.  Reckitt therefore had to seek sealing of large portions of exhibits even though they were not referenced in Plaintiffs' motion brief.  *See id.*  Nonetheless, Reckitt seeks sealing of only a few exhibits in their entirety; for the most part, Reckitt has gone through each of Plaintiffs' hundreds of pages of exhibits, page by page, to propose redactions of those portions that disclose Reckitt's confidential information.

Based on the declarations of Mr. Tyrell and Mr. Bunker, and after evaluating the materials in question, the Court is satisfied that Reckitt has demonstrated compelling reasons for sealing the designated portions of Plaintiffs' filings and that Reckitt's sealing requests are narrowly tailored to seal only sealable materials.  The Court finds that, given the sensitive nature of the information in question, Reckitt has demonstrated that its interest in keeping its confidential information private outweighs the public's interest in access to the information.  *See Kamakana*, 447 F.3d at 1179 ("[T]he court must conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." (internal quotation marks and citation omitted)).

Plaintiffs' arguments in opposition to Reckitt's sealing requests are unpersuasive.  To the extent Plaintiffs argue that Reckitt has not explained how disclosure of the materials in question could pose competitive harm, the nature of such harm is obvious when the materials involve trade secrets, confidential financial information, and the like.  Moreover, Plaintiffs argue that much of the information at issue is "stale," and therefore does not merit protection, but they do not submit a declaration or other evidence in support of this position.  Plaintiffs that "Reckitt cannot credibly claim that the opinion of Plaintiffs' expert is actually Reckitt's confidential information," without acknowledging that the expert opinion is based in part on Reckitt's confidential information.

Accordingly, Plaintiffs' sealing motion (110) and Reckitt's sealing motion (114) are GRANTED.  The Court's rulings are summarized in the following chart.

4

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
|  | Plaintiffs' Motion For Class Certification ("Plaintiffs' Motion") | Highlighted portions of: Table of Contents 1:7, 11, 13-14, 20-22 2: 2, 6-7, 10-11; fn 1, 2 4:3-4, 6-7, 10-13, 16, 20-22, 26-27 5:2-11, 14-21, 23-25 6:1, 3-10, 13, 15-16, 17-23 7:23-24, 26-28 8:1-22, 26-28 9:1-7, 9, 19-28 10:1-8, 14-17, 21-22, fn 3 13:23, 26-27 17:14, 22 18:10-18 19:1-4, 7-9 20:23-24 21:9 22:1-2, 10 23:13 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's financial information, wholesale pricing strategies, competitive analysis, timing of internal processes, wholesale sales including specific Woolite Laundry Detergent unit sales information, and market research results.  (Tyrell Decl., ¶¶ 2-5.)  They further contain information derived from Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775.  (*Id.*)  Public disclosure of this information could cause competitive harm to Reckitt  (*Id.*)  Portions also contain information related to a confidential proceeding before the NAD.  (Bunker Decl., ¶¶ 11-16.) |
|  | The Declaration Of Eric Kafka in Support of Plaintiffs' Motion for Class Certification ("Kafka Decl.") | Highlighted portions of: 1:20-21, 26-26 2:1 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's wholesale unit sales of Woolite Darks and Gentle Cycle laundry detergent.  (Tyrell Decl., ¶¶ 6-7.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 2 | Reckitt's Sixth Supplemental Response To Plaintiffs' First Set Of Interrogatories | Highlighted portions of: Table at Page 6 Table at Page 7 Table at Page 8 Tables at Page 10 12:1-2, 17-26 13:4-12 Page 14, footnote 1 16:16, 18 Tables at Page 17 Table at Page 18 Attachment A, Page 1 Attachment A, Page 2 Attachment A, Page 3 Attachment A, Page 4 | The portions that Reckitt seeks to seal contain confidential information regarding circulation dates for certain Woolite product SKUs, the company's financial tracking and accounting capabilities, specific wholesale sales figures, unit counts, internal Finished Good Numbers and component codes, and manufacturing data.  (Tyrell Decl., ¶¶ 8-9.)  Public disclosure of this information could cause competitive harm to Reckitt  (*Id.*) |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|  |  | Attachment A, Page 5<br>Attachment A, Page 6<br>Attachment A, Page 7<br>Attachment A, Page 8<br>Attachment A, Page 9<br>Attachment A, Page 10<br>Attachment A, Page 11<br>Attachment A, Page 12<br>Attachment A, Page 13<br>Attachment A, Page 14<br>Attachment A, Page 15<br>Attachment A, Page 16<br>Attachment A, Page 17<br>Attachment A, Page 18 |  |
|---|---|---|---|
| Ex. 3 | Excerpts from transcript of deposition of Christopher Tedesco | Highlighted portions of:<br>8:22-23<br>73:5-10, 17-25<br>74:1-4, 12-15, 18-25<br>75:1-2, 4-8,<br>87:18<br>88:4-6<br>89:6, 10<br>91:1, 8-12, 15<br>92:17, 20 | The portions that Reckitt seeks to seal contain confidential information regarding wholesale pricing strategies and Reckitt's employee compensation structure.  (Tyrell Decl., ¶¶ 10-11.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The portions further contain Mr. Tedesco's private home address, the public disclosure of which would negatively impact his privacy rights.  (Bunker Decl. ¶ 17.) |
| Ex. 4 | Woolite Brand History, RB0000244 | Highlighted portions of:<br>RB0000246<br>RB0000247<br>RB0000249 | The portions that Reckitt seeks to seal contain confidential information regarding household penetration rates and reflects Reckitt's target consumer demographics developed through market research.  (Tyrell Decl., ¶¶ 12-13.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 5 | 2018 Media Plan Communications Brief, RB000073 | Highlighted portions of:<br>RB0000733<br>RB0000734<br>RB0000735 | The portions that Reckitt seeks to seal contain confidential information regarding household penetration rates, marketing campaign results, budgeting, and competitive strategies.  (Tyrell Decl., ¶¶ 14-15.)  Public disclosure of this information could cause competitive harm to Reckitt  (*Id.*) |
| Ex. 6 | Project Document, RB0013572 | Highlighted portions of:<br>RB0013572 | The portions that Reckitt seeks to seal contain confidential information regarding budgeting and target |

United States District Court
Northern District of California

| | | | consumer demographics developed through market research.  (Tyrell Decl., ¶¶ 16-17.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
|---|---|---|---|
| Ex. 7 | Excerpts from transcript of deposition of Heidi Fuentes | Highlighted portions of: 26:2-5, 20, 23 28:6-8 33:21 37:3-4, 9-11, 15-20 38:6-8, 10-17, 19-25 40:1-5, 11-12, 16-22 41:11, 21, 25 43:1-11, 15-16 44:3-18 45:2-6, 12-15 52:16-23 62:4-7 66:7-11, 13-15, 18-25 67:1-4, 7-19, 21-25 68:1-9, 11-25 69:1-5, 7-25 70:8-11, 18-21, 25 76:1, 4-5, 7-24 77:2-25 78:1-8 80:2, 4-8, 20-25 87:13-14, 17-19 101:10-13, 18-21, 23-25 | The portions that Reckitt seeks to seal contain confidential information regarding product testing, research and development, product formulation (including specific active ingredients), and costs related to specific formulations. (Tyrell Decl., ¶¶ 18-19.)  The portions further contain discussions of Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775.  (*Id.*)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |
| Ex. 8 | Reckitt 's Supplemental Response To Plaintiffs' First Set Of Interrogatories | Highlighted portions of: Table at Page 6 Table at Page 7 Table at Page 8 10:17-18 11:5-6, 9-14, 20-28 13:13-28 14:1-11 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's product supply chain, financial information, and trade secret testing protocols.  (Tyrell Decl., ¶¶ 20-22.)   The portions further contain information regarding  Reckitt's highly confidential testing protocol (CS-3775).  (*Id.*)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 11 | August 5, 2016 internal  Reckitt e-mail chain, RB0001401 | Highlighted portions of: RB0001400 RB0001401 | The portions that Reckitt seeks to seal contain confidential information regarding market performance, marketing spend, target market, and business strategy.  (Tyrell Decl., ¶¶ 23-24.) Public disclosure of this information |

| | | | could cause competitive harm to Reckitt. (*Id.*) |
|---|---|---|---|
| Ex. 13 | Presentation titled "2017 US Plan Woolite," March 28, 2016, RB0001319 | Highlighted portions of: RB0001320 RB0001321 RB0001322 RB0001323 RB0001325 RB0001329 RB0001331 RB0001332 RB0001333 RB0001334 RB0001335 RB0001336 RB0001337 RB0001338 RB0001339 RB0001341 | The portions that Reckitt seeks to seal contain confidential information regarding household penetration rates, marketing campaign results, budgeting, pricing analyses, profit statements, business objectives, and competitive strategies. (Tyrell Decl., ¶¶ 25-26.) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |
| Ex. 14 | Presentation titled "Follow up from LR sign off meeting," RB0002630 | Highlighted portions of: RB0002631 RB0002633 RB0002634 RB0002635 RB0002636 RB0002637 RB0002638 RB0002639 RB0002640 RB0002642 RB0002643 RB0002645 RB0002646 RB0002647 RB0002648 RB0002649 RB0002652 RB0002653 RB0002654 RB0002655 RB0002656 RB0002657 RB0002658 RB0002659 RB0002662 RB0002663 RB0002664 RB0002665 | The portions that Reckitt seeks to seal contain confidential information regarding business strategy, product development efforts, claims substantiation work, marketing objectives, sales data, consumer target/market research, budgeting, and complete profit and loss statements and financial analysis for Europe and the United States for Reckitt's entire household brands. (Tyrell Decl., ¶¶ 27-28.) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |

United States District Court
Northern District of California

8

| | | RB0002666<br>RB0002668<br>RB0002669<br>RB0002670 | |
|---|---|---|---|
| Ex. 15 | Woolite RB Pre-Read November, RB0011710 | In its entirety. | Reckitt seeks to seal highly sensitive financial information including Reckitt's profit and loss statements for the Woolite brand, cost of goods, pricing analysis, capital expenditures, forward looking product innovation and explanations of Reckitt's detergent formulations and active ingredients. (Tyrell Decl., ¶¶ 29-30.) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |
| Ex. 16 | Presentation titled Woolite October RB0017973 | Highlighted portions of:<br>RB0017973<br>RB0017974<br>RB0017975<br>RB0017976<br>RB0017977<br>RB0017978<br>RB0017979<br>RB0017980<br>RB0017981<br>RB0017982<br>RB0017984<br>RB0017985<br>RB0017987<br>RB0017988<br>RB0017989<br>RB0017990<br>RB0017993<br>RB0017994<br>RB0017995<br>RB0017996<br>RB0017997<br>RB0017998<br>RB0017999<br>RB0018001<br>RB0018002<br>RB0018003<br>RB0018004<br>RB0018005<br>RB0018006<br>RB0018007<br>RB0018008 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's profit and loss statements for the Woolite brand, competitive pricing analysis, and retailer partnership strategies. (Tyrell Decl., ¶¶ 31-32.) The portions further contain business strategy, market research, and financial information regarding Reckitt's "Athly" product, which is not at issue in this litigation. (*Id.*) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |

| | | RB0018009<br>RB0018010<br>RB0018011<br>RB0018012<br>RB0018013<br>RB0018014<br>RB0018015<br>RB0018016<br>RB0018017<br>RB0018018<br>RB0018020<br>RB0018021<br>RB0018022<br>RB0018023<br>RB0018024<br>RB0018025<br>RB0018026 | |
| Ex. 17 | Reply Expert Report Of Gregory A. Pinsonneault In Support Of Plaintiffs' Motion For Class Certification | Highlighted portions of:<br>1:20, 22<br>2:5, 6, 8<br>3:4, 9-11, 16<br>4:2, 6, 10, 12-15, 18, 20-22<br>5:2-3, 5, 7, 9, 11, 19, 21, footnote 19<br>6:1, 3, 5, 8-11<br>7:5-6, 8, 10-12, 18-20, footnote 29, 30<br>8:1, 3-5, 12, 15<br>Figure 1 at Page 9<br>Figure 3 at Page 11<br>11:17, 20, 22-24<br>12:2, 4-9, 10-25<br>Figure 4 at Page 13<br>Figure 5 at Page 13<br>13:4-7, 10<br>14:1, 4-6, 8-10, 13-17<br>15:1, 5-21<br>footnote 53<br>16:9-11, 18<br>17:21-22, deposition excerpts<br>18:6-11, 17-22<br>19:1, 4-7, 11-14, 16, 18, 20, 22, 25<br>20:1, 3-4, 11, 22<br>21:6, 8, 15-16, 18<br>Reply Exhibit B, Page 2<br>Reply Exhibit B, Page 3 | The portions that Reckitt seeks to seal contain confidential information regarding wholesale financial information for the Woolite brand, market performance, strategic business decisions, retail partners and pricing – including enormous amounts of financial information and pricing analyses derived from several years of Reckitt's sensitive wholesale sales data.  (Tyrell Decl., ¶¶ 33-34.) Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| | | Reply Exhibit B, Page 4 | |
| | | Reply Exhibit B, Page 5 | |
| | | Reply Exhibit B, Page 6 | |
| | | Reply Exhibit B, Page 7 | |
| | | Reply Exhibit B, Page 8 | |
| | | Reply Exhibit B, Page 9 | |
| | | Reply Exhibit B, Page 10 | |
| | | Reply Exhibit B, Page 11 | |
| | | Reply Exhibit B, Page 12 | |
| | | Reply Exhibit B, Page 13 | |
| | | Reply Exhibit B, Page 14 | |
| | | Reply Exhibit B, Page 15 | |
| | | Reply Exhibit B, Page 16 | |
| | | Reply Exhibit B, Page 17 | |
| | | Reply Exhibit B, Page 18 | |
| | | Reply Exhibit B, Page 19 | |
| | | Reply Exhibit B, Page 20 | |
| | | Reply Exhibit B, Page 21 | |
| | | Reply Exhibit B, Page 22 | |
| | | Reply Exhibit B, Page 23 | |
| | | Reply Exhibit B, Page 24 | |
| | | Reply Exhibit B, Page 25 | |
| | | Reply Exhibit B, Page 26 | |
| | | Reply Exhibit B, Page 27 | |
| | | Reply Exhibit B, Page 28 | |
| | | Reply Exhibit B, Page 29 | |
| | | Reply Exhibit B, Page 30 | |
| | | Reply Exhibit B, Page 31 | |
| | | Reply Exhibit B, Page 33 | |
| | | Reply Exhibit B, Page 34 | |
| | | Reply Exhibit B, Page 36 | |
| | | Reply Exhibit B, Page 37 | |
| | | Reply Exhibit B, Page 39 | |
| | | Reply Exhibit B, Page 40 | |
| | | Reply Exhibit B, Page 41 | |
| | | Reply Exhibit B, Page 42 | |
| | | Reply Exhibit B, Page 43 | |
| | | Reply Exhibit B, Page 44 | |
| | | Reply Exhibit B, Page 45 | |
| | | Reply Exhibit B, Page 46 | |
| | | Reply Exhibit B, Page 47 | |
| | | Reply Exhibit B, Page 48 | |
| | | Reply Exhibit B, Page 49 | |
| | | Reply Exhibit B, Page 50 | |
| | | Reply Exhibit B, Page 51 | |
| | | Reply Exhibit B, Page 52 | |
| | | Reply Exhibit B, Page 53 | |
| | | Reply Exhibit B, Page 54 | |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | Reply Exhibit B, Page 55 | |
| | | Reply Exhibit B, Page 56 | |
| | | Reply Exhibit B, Page 57 | |
| | | Reply Exhibit B, Page 58 | |
| | | Reply Exhibit B, Page 59 | |
| | | Reply Exhibit B, Page 60 | |
| | | Reply Exhibit B, Page 61 | |
| | | Reply Exhibit B, Page 62 | |
| | | Reply Exhibit B, Page 63 | |
| | | Reply Exhibit B, Page 64 | |
| | | Reply Exhibit B, Page 65 | |
| | | Reply Exhibit B, Page 66 | |
| | | Reply Exhibit B, Page 67 | |
| | | Reply Exhibit B, Page 68 | |
| | | Reply Exhibit B, Page 69 | |
| | | Reply Exhibit B, Page 70 | |
| | | Reply Exhibit B, Page 71 | |
| | | Reply Exhibit B, Page 72 | |
| | | Reply Exhibit B, Page 73 | |
| | | Reply Exhibit B, Page 74 | |
| | | Reply Exhibit B, Page 75 | |
| | | Reply Exhibit B, Page 76 | |
| | | Reply Exhibit B, Page 77 | |
| | | Reply Exhibit B, Page 78 | |
| | | Reply Exhibit B, Page 79 | |
| | | Reply Exhibit B, Page 80 | |
| | | Reply Exhibit B, Page 81 | |
| | | Reply Exhibit B, Page 82 | |
| | | Reply Exhibit B, Page 83 | |
| | | Reply Exhibit B, Page 84 | |
| | | Reply Exhibit B, Page 85 | |
| | | Reply Exhibit B, Page 86 | |
| | | Reply Exhibit B, Page 87 | |
| | | Reply Exhibit B, Page 88 | |
| | | Reply Exhibit B, Page 89 | |
| | | Reply Exhibit B, Page 90 | |
| | | Reply Exhibit B, Page 91 | |
| | | Reply Exhibit B, Page 92 | |
| | | Reply Exhibit B, Page 93 | |
| | | Reply Exhibit B, Page 94 | |
| | | Reply Exhibit B, Page 95 | |
| | | Reply Exhibit B, Page 96 | |
| | | Reply Exhibit B, Page 97 | |
| | | Reply Exhibit B, Page 98 | |
| | | Reply Exhibit B, Page 99 | |
| | | Reply Exhibit B, Page 100 | |
| | | Reply Exhibit B, Page 101 | |
| | | Reply Exhibit B, Page 102 | |

United States District Court
Northern District of California

| | | Reply Exhibit B, Page 103<br>Reply Exhibit B, Page 104 | |
|---|---|---|---|
| Ex. 18 | Project Brief,<br>RB0001867 | Highlighted portions of:<br>RB0001867<br>RB0001868<br>RB0001869<br>RB0001870<br>RB0001871<br>RB0001872 | The portions that Reckitt seeks to seal contain confidential information regarding sensitive business strategy, financial information, and product development targets and reflects Reckitt's internal processes for new product development.  (Tyrell Decl., ¶¶ 35-36.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 19 | Presentation titled "Woolite Detergent 2017 Category Growth Strategy," RB0002700 | Highlighted portions of:<br>RB0002701<br>RB0002702<br>RB0002703<br>RB0002704<br>RB0002707<br>RB0002709<br>RB0002711<br>RB0002712<br>RB0002713 | The portions that Reckitt seeks to seal contain confidential information regarding pricing strategies and analyses.  (Tyrell Decl., ¶¶ 37-38.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 20 | Expert Report of Gregory A. Pinsonneault In Support Of Plaintiffs' Motion For Class Certification | Highlighted portions of:<br>Table of Contents, line 17<br>10:22, 24, 26<br>11:1, 4-5, 11, 16-17<br>12:9, 14, 17-18, 23-24<br>13:9<br>14:15-16<br>Figure 1 at Page 15<br>15:9-11, 15, 24. 36<br>16:1-7, 11, 15, 17-21<br>17:1-15<br>18:1, 14, 19, 21<br>Figure 2 at Page 18<br>19:1-2, 5-7, 9, 12, 22-27<br>20:1-10, 12, 14-16<br>21:1-4, 8-9, 13-16, 18, 20<br>22:1, 4-5, 7-9, 15-16, 21,<br>25, 26-27<br>23:1, 4, 19-20, 25<br>24:9-13, 15, 19-23<br>25:1, 8-10, 12-14, 18-25<br>26:1, 4, 17-18, 20-22<br>Figure 3 at Page 27<br>27:12-16, 19-21, 23-24<br>28:10, 13, 16, 18 | The portions that Reckitt seeks to seal contain confidential information regarding wholesale financial information for the Woolite brand, market performance, strategic business decisions, retail partners and pricing – including enormous amounts of financial information and pricing analyses derived from several years of Reckitt's sensitive wholesale sales data.  (Tyrell Decl., ¶¶ 33-34.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |

| | | |
|---|---|---|
| | | 29:2-5, 22-25, footnote 56<br>Figure 4 at Page 29<br>Figure 5 at Page 30<br>30:12-16, 20-23<br>31:4, 6, 8, 12-15, footnote 58<br>32:2<br>Exhibit B, Page 2<br>Exhibit B, Page 3<br>Exhibit B, Page 4<br>Exhibit B, Page 5<br>Exhibit B, Page 7<br>Exhibit B, Page 8<br>Exhibit B, Page 9<br>Exhibit B, Page 10<br>Exhibit B, Page 11<br>Exhibit B, Page 12<br>Exhibit B, Page 13<br>Exhibit B, Page 14<br>Exhibit B, Page 15<br>Exhibit B, Page 16<br>Exhibit B, Page 17<br>Exhibit B, Page 18<br>Exhibit B, Page 19<br>Exhibit B, Page 20<br>Exhibit B, Page 21<br>Exhibit B, Page 22<br>Exhibit B, Page 23<br>Exhibit B, Page 24<br>Exhibit B, Page 25<br>Exhibit B, Page 26<br>Exhibit B, Page 27<br>Exhibit B, Page 29<br>Exhibit B, Page 30<br>Exhibit B, Page 32<br>Exhibit B, Page 33<br>Exhibit B, Page 35<br>Exhibit B, Page 36<br>Exhibit B, Page 37<br>Exhibit B, Page 38<br>Exhibit B, Page 39<br>Exhibit B, Page 40<br>Exhibit B, Page 41<br>Exhibit B, Page 42<br>Exhibit B, Page 43<br>Exhibit B, Page 44<br>Exhibit B, Page 45<br>Exhibit B, Page 46 | |

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| | | Exhibit B, Page 47 | |
| | | Exhibit B, Page 48 | |
| | | Exhibit B, Page 49 | |
| | | Exhibit B, Page 50 | |
| | | Exhibit B, Page 51 | |
| | | Exhibit B, Page 52 | |
| | | Exhibit B, Page 53 | |
| | | Exhibit B, Page 54 | |
| | | Exhibit B, Page 55 | |
| | | Exhibit B, Page 56 | |
| | | Exhibit B, Page 57 | |
| | | Exhibit B, Page 58 | |
| | | Exhibit B, Page 59 | |
| | | Exhibit B, Page 60 | |
| | | Exhibit B, Page 61 | |
| | | Exhibit B, Page 62 | |
| | | Exhibit B, Page 63 | |
| | | Exhibit B, Page 64 | |
| | | Exhibit B, Page 65 | |
| | | Exhibit B, Page 66 | |
| | | Exhibit B, Page 67 | |
| | | Exhibit B, Page 68 | |
| | | Exhibit B, Page 69 | |
| | | Exhibit B, Page 70 | |
| | | Exhibit B, Page 71 | |
| | | Exhibit B, Page 72 | |
| | | Exhibit B, Page 73 | |
| | | Exhibit B, Page 74 | |
| | | Exhibit B, Page 75 | |
| | | Exhibit B, Page 76 | |
| | | Exhibit B, Page 77 | |
| | | Exhibit B, Page 78 | |
| | | Exhibit B, Page 79 | |
| | | Exhibit B, Page 80 | |
| | | Exhibit B, Page 81 | |
| | | Exhibit B, Page 82 | |
| | | Exhibit B, Page 83 | |
| | | Exhibit B, Page 84 | |
| | | Exhibit B, Page 85 | |
| | | Exhibit B, Page 86 | |
| | | Exhibit B, Page 87 | |
| | | Exhibit B, Page 88 | |
| | | Exhibit B, Page 89 | |
| | | Exhibit B, Page 90 | |
| | | Exhibit B, Page 91 | |
| | | Exhibit B, Page 92 | |
| | | Exhibit B, Page 93 | |
| | | Exhibit B, Page 94 | |

| | | | |
|---|---|---|---|
| | | Exhibit B, Page 95<br>Exhibit B, Page 96<br>Exhibit B, Page 97<br>Exhibit B, Page 98<br>Exhibit B, Page 99<br>Exhibit B, Page 100 | |
| Ex. 22 | October 13,2016 internal Reckitt e-mail chain, RB0017930 | Highlighted portions of:<br>RB0017934<br>RB0017935<br>RB0017936<br>RB0017937<br>RB0017938<br>RB0017939 | The portions that Reckitt seeks to seal contain confidential information regarding the emails for over seventy Reckitt employees. (Tyrell Decl., ¶¶ 39-40.) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |
| Ex. 23 | Presentation titled "Woolite 2017 Priorities and Supporting Materials," RB0005909 | Highlighted portions of:<br>RB0005910<br>RB0005911<br>RB0005912<br>RB0005913<br>RB0005916<br>RB0005919<br>RB0005920<br>RB0005922<br>RB0005924<br>RB0005925<br>RB0005926<br>RB0005927<br>RB0005928 | The portions that Reckitt seeks to seal contain confidential information regarding household penetration rates, budgeting and investment, Woolite Laundry Detergent product formulation ingredients, and Reckitt's target consumer demographics developed through market research and other market research conclusions. (Tyrell Decl., ¶¶ 41-42.) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |
| Ex. 24 | December 13, 2016 internal Reckitt e-mail chain, RB0013128 | Highlighted portions of:<br>RB0013129 | The portions that Reckitt seeks to seal contain confidential internal communications regarding pricing changes. (Tyrell Decl., ¶¶ 43-44.) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |
| Ex. 25 | Presentation titled "Resolve Carpet 2017 Category Growth Strategy," RB0013134 | Highlighted portions of:<br>RB0013135<br>RB0013136<br>RB0013137<br>RB0013138<br>RB0013139<br>RB0013140<br>RB0013141<br>RB0013142<br>RB0013143<br>RB0013144<br>RB0013145<br>RB0013146 | The portions that Reckitt seeks to seal contain confidential financial information regarding household penetration rates, budgeting and investment, and Woolite Laundry Detergent product formulation ingredients. (Tyrell Decl., ¶¶ 45-47.) The portions also reflect Reckitt's target consumer demographics developed through market research and other market research conclusions. (*Id.*) Public disclosure |

United States District Court
Northern District of California

| | | RB0013147 RB0013148 RB0013149 RB0013151 RB0013152 RB0013153 RB0013154 RB0013157 RB0013159 RB0013161 RB0013162 RB0013163 RB0013164 RB0013165 RB0013166 RB0013167 RB0013168 RB0013169 RB0013170 RB0013171 RB0013172 RB0013173 RB0013174 RB0013175 RB0013176 | of this information could cause competitive harm to Reckitt.  (*Id.*) |
|---|---|---|---|
| Ex. 26 | Pricing Information, RB0002943 | In its entirety. | Defendant seeks to seal a copy of Reckitt's confidential and highly sensitive pricing analyses conducted internally by Reckitt.  (Tyrell Decl. ¶¶ 48-49.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 27 | Expert Report Of Plaintiffs' Expert Randy Meirowitz | Highlighted portions of: Page 2, Paragraph 10 Page 7, Paragraph 29 Page 10, Paragraph 35 Page 12, Paragraph 37 Page 14, Paragraph 43 Page 18, Paragraph 49, 51-52 Page 19, Paragraph 52-54 Page 20, Paragraph 54-55 Page 21, Paragraph 56 Table 2 at Page 21 Page 22, Paragraph 57, 61 | The portions that Reckitt seeks to seal contain discussions of Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775.  (Tyrell Decl., ¶¶ 50-51.)  The methodology behind the protocol was specifically developed by Reckitt's internal Research & Development team and constitutes highly sensitive information that is treated as a trade secret by Reckitt in the ordinary course of business.  (*Id.*) Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |

| Ex. 28 | Reply Report Of Plaintiffs' Expert Randy Meirowitz | Highlighted portions of: Page 2, Paragraph 7 Page 3, Footnote 9 Page 4, Paragraph 11-12 Page 5, Paragraph 12-14 | The portions that Reckitt seeks to seal contain confidential discussions of Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775. (Tyrell Decl., ¶¶ 50-51.) The methodology behind the protocol was specifically developed by Reckitt's internal Research & Development team and constitutes highly sensitive information that is treated as a trade secret by Reckitt in the ordinary course of business. (*Id*.) Public disclosure of this information could cause competitive harm to Reckitt. (*Id*.) |
| --- | --- | --- | --- |
| Ex. 30 | CS-3775, RB0000073 | In its entirety. | Defendant seeks to seal a copy of Reckitt's confidential trade secret claims substantiation testing protocol (CS-3775). (Tyrell Decl. ¶¶ 52-53.) The methodology behind the protocol was specifically developed by Reckitt's internal Research & Development team and constitutes highly sensitive information that is treated as a trade secret by Reckitt in the ordinary course of business. (*Id*.) The public disclosure of this information could cause competitive harm to Reckitt's. (*Id*.) |
| Ex. 31 | May 3, 2019 letter from Proctor & Gamble to the National Advertising Division, PLTF0000372 | In its entirety. | Reckitt seeks to seal a submission by Procter & Gamble regarding Reckitt's advertising as part of a confidential NAD proceeding. (Bunker Decl., ¶¶ 11-16.) This confidentiality requirement is important to facilitate NAD's dispute resolution process, and Reckitt would be harmed if the materials it submitted in the NAD proceedings were publicly disclosed despite the parties and NAD's expectations and requirements that this information remain confidential. (*Id.*) |
| Ex. 32 | Excerpts from transcript of deposition of Daniel Redmon | Highlighted portions of: 48:21-23 | The portions that Reckitt seeks to seal contain confidential discussions of Reckitt's trade secret claims substantiation protocol referred to |

| | | | internally as CS-3775.  (Tyrell Decl., ¶¶ 54-55.)  The methodology behind the protocol was specifically developed by Reckitt's internal Research & Development team and constitutes highly sensitive information that is treated as a trade secret by Reckitt in the ordinary course of business.  (*Id.*)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |
|---|---|---|---|
| Ex. 33 | December 2, 2016 e-mail chain between Daniel Redmon and Ron Peterson, RB0017311 | Highlighted portions of: RB0017312 RB0017313 | The portions that Reckitt seeks to seal contain confidential specific testing protocols developed internally by Reckitt's Research & Development team as well as testing results.  (Tyrell Decl., ¶¶ 56-57.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 34 | September 30, 2016 internal Reckitt e-mail chain, RB0017268 | Highlighted portions of: RB0017269 | The portions that Reckitt seeks to seal contain confidential specific testing protocols developed internally by Reckitt's Research & Development team.  (Tyrell Decl., ¶¶ 58-59.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 36 | December 19, 2016 e-mail chain between Ron Peterson and Daniel Redmon, RB0017334 | Highlighted portions of: RB0017334 RB0017335 RB0017336 RB0017337 RB0017338 RB0017339 | The portions that Reckitt seeks to seal contain confidential specific testing protocols developed internally by Reckitt's Research & Development team as well as testing results.  (Tyrell Decl., ¶¶ 56-57.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.* ) |
| Ex. 37 | March 17, 2019 letter from Proctor & Gamble to the National Advertising Division | In its entirety. | Defendant seeks to seal a submission by Procter & Gamble regarding Reckitt's advertising as part of a confidential NAD proceeding. (Bunker Decl., ¶¶ 11-16.)  This confidentiality requirement is important to facilitate NAD's dispute resolution process, and Reckitt would be harmed if the materials it submitted in the NAD proceedings |

| | | | were publicly disclosed despite the parties and NAD's expectations and requirements that this information remain confidential.  (*Id.*) |
|---|---|---|---|
| Ex. 40 | April 3, 2019 response letter from Reckitt to Proctor & Gamble | In its entirety. | Reckitt seeks to seal its submission as part of a confidential NAD proceeding initiated by its competitor, Procter & Gamble. (Bunker Decl., ¶¶ 11-16.)  This confidentiality requirement is important to facilitate NAD's dispute resolution process, and Reckitt would be harmed if the materials it submitted in the NAD proceedings were publicly disclosed despite the parties and NAD's expectations and requirements that this information remain confidential.  (*Id.*) |

## B.    Sealing Motions Re Opposition to Class Certification (ECF 119, 120, 122)

Reckitt has filed a motion to seal (ECF 119) portions of its opposition to class certification and supporting exhibits on the basis that those filings contain confidential Reckitt materials that satisfy the compelling reasons test for sealing.  Reckitt argues that compelling reasons exist to seal the materials at issue, and that its sealing requests are narrowly tailored to redact only those portions of the filings that disclose confidential, non-public information related to Reckitt's internal business strategies, competitive analyses, trade secrets, product development plans, and financial information.  Reckitt's sealing motion is supported by the declarations of Chris Tyrell (ECF 119-1), Reckitt's Senior Brand Manager, Household, and Khirin A. Bunker (ECF 119-2), Reckitt's counsel in this case.

Reckitt also has filed a motion to consider whether another party's materials should be sealed (ECF 120), seeking to seal portions of three exhibits filed in support of its opposition on the basis that Plaintiffs have designated the exhibits as confidential.  Consistent with the Court's Civil Local Rules, Plaintiffs have responded by filing an administrative motion to file under seal (ECF 122), seeking to seal a portion of only one of the exhibits in question, Exhibit 7.  Exhibit 7 is an excerpt of the transcript of the deposition of Plaintiff Maria Christine Anello.  Plaintiffs seek to seal lines 46:23-25 of the deposition transcript on the basis that those lines disclose Plaintiff

United States District Court
Northern District of California

Anello's telephone number.  Reckitt does not oppose sealing of the designated lines of the deposition transcript.

Reckitt's motion to seal (ECF 119) its own confidential materials is GRANTED.  The declarations of Mr. Tyrell and Mr. Bunker establish that the materials at issue relate to Reckitt's internal business strategies, competitive analyses, trade secrets, product development plans, and financial information.  *See* Tyrell Decl., ECF 119-1; Bunker Decl., ECF 119-2.  Those materials are an appropriate subject for sealing.  *See Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-CV-04312-BLF, 2021 WL 4710695, at *2 (N.D. Cal. Oct. 7, 2021) ("The Court finds that the parties' requests are compelling given the sensitive financial and business information at issue.").  The Court also finds that Reckitt's sealing request is narrowly tailored to redact only sealable material from the public docket.  Finally, given the nature of the information, and Reckitt's narrow tailoring of its sealing requests, the Court finds that Reckitt has shown compelling reasons for sealing and that Reckitt's interest in keeping its confidential information private outweighs the public's interest in access to the information.  *See Kamakana*, 447 F.3d at 1179.

Reckitt's motion to seal (ECF 120) Plaintiffs' confidential materials is GRANTED IN PART with respect to the portions of Exhibit 7 designated by Plaintiffs and otherwise is DENIED.  Plaintiffs' motion to seal (ECF 122) the designated portions of Exhibit 7 is GRANTED.  The Court's rulings are summarized in the following chart.

United States District Court
Northern District of California

21

United States District Court
Northern District of California

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | Defendant's Opposition to Plaintiffs' Motion for Class Certification | Highlighted portions of: 2:4, 6-7, 9  8:2, 5  9:7-8, 11-12, 15, 20  10:16-17, 21  11:10, 15  12:20, 22  15:17-19, 21  20:25  22:16  24:23, 26  25:2, 6-7, 10-12, 18-21  27: 3-4, 6, 8, 10, 12, 14-15, 17-18  28: 2, 8-9  30: 10-11 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's sensitive financial information regarding specific Woolite Laundry Detergent wholesale unit sales, wholesale pricing information, and includes confidential project names which Reckitt uses to internally track its Research & Development projects and product formulations.  (Tyrell Decl. ¶¶ 2-3.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 1 | Expert Rebuttal Report of Martin Bide, Ph.D. | Highlighted portions of: Page 2, Paragraph 6  Page 3, Paragraph 6, 8  Page 6, Paragraph 14-16  Page 8, Paragraph 22, 24-25  Page 9, Paragraph 25-27, Image  Page 10, Paragraph 28-29, Image caption  Page 11, Paragraph 29  Page 12, Paragraph 29-31  Page 13, Paragraph 31, 33  Page 14, Paragraph 34, 35, Images | The portions that Reckitt seeks to seal contain confidential information regarding product testing and Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775. (Tyrell Decl. ¶¶ 4-5.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  Portions also contain information related to a confidential proceeding before the NAD.  (Bunker Decl., ¶¶ 2-6.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |

| | | | |
|---|---|---|---|
| | | Page 15, Paragraph 35, 37 Image<br>Page 21, Paragraph 48, footnote 16<br>Page 22,  Paragraph 48, footnote 19<br>Page 23, Paragraph 54, footnote 21<br>Page 24, Paragraph 54, 55<br>Page 25, Paragraph 55-57<br>Page 27, Paragraph 59, 61, 62, footnote 25<br>Page 28, Paragraph 62-64, footnote 26<br>Page 29, Paragraph 64-66, Image<br>Page 30, Paragraph 67<br>Page 31, Paragraph 72-74<br>Exhibit 2, Page 4 | |
| Ex. 2 | Expert Rebuttal Report of Dr. Justin Lenzo | Highlighted portions of:<br>Page 4, footnote 10, 12, 14, 16, 18<br>Page 5, footnote 20<br>Page 6, Paragraph 25(c)<br>Page 12, Paragraph 34, footnote 70<br>Page 13, Paragraph 35, 36, 37, 38<br>Page 14, Paragraph 38, 39, footnote 79<br>Page 15, Paragraph 42<br>Page 17, Paragraph 45, 46, header 1, footnote 94<br>Page 18, Paragraph 47, 48, 49<br>Page 19, Paragraph 49, 50, footnote 101, 103<br>Page 20, Paragraph 50, 51, 52, 53, footnote 106, 107<br>Page 21, Paragraph 54, 55<br>Page 22, Paragraph 55<br>Page 23, Paragraph 56, 57<br>Page 24, Paragraph 57, 58, 59, header 2<br>Page 25, Paragraph 59, 60, 61, 62, footnote 135<br>Page 26, Paragraph 62, 63, 64, footnote 139-141 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's retail distribution/partners, specific wholesale pricing and pricing strategy, and market analyses (Tyrell Decl. ¶¶ 6-7.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |

| | | Page 27, Paragraph 64, 65, 66<br>Page 28, Paragraph 68, 69, footnote 152<br>Page 29, Paragraph 70, 71 footnote 154<br>Exhibit 3, Table<br>Exhibit 4, Table<br>Exhibit 5, Graph | |
|---|---|---|---|
| Ex. 4 | Transcript of Deposition for Heidi Fuentes | Highlighted portions of:<br>39:25-40:6<br>40:16, 18, 21 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's Woolite Laundry Detergent formulation, confidential project names, development, and composition. (Tyrell Decl. ¶¶ 8-9.) Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 7 | Transcript of Deposition for Maria Christine Anello | Line 46:23-25 | Contains Plaintiff Anello's telephone number. |
| Ex. 13 | Transcript of Deposition for Christopher Tedesco | Highlighted portions of:<br>115:20-116:9<br>116:11-14, 20-25<br>117:1-117:23<br>118:1-19<br>119:4-121:22<br>121:24 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's Woolite Laundry Detergent market analyses, strategic business decisions, retail partners, and wholesale pricing decisions. (Tyrell Decl. ¶¶ 10-11.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 14 | Declaration of Chris Tyrell in Support of Opposition to Class Certification | Highlighted portions of:<br>2:22<br>3:7-8, Table A<br>Page 4, Table A<br>Page 5, Table A<br>Page 6, Table B<br>Page 7, Table C<br>Page 8, Table C<br>8:26-27<br>9:1, 3-6, 11, 15, 17-18, Table<br>Page 10, Table<br>10:24 | The portions that Reckitt seeks to seal contain confidential information regarding the circulation dates for certain Woolite product SKUs, describe the company's financial tracking and accounting capabilities, and provide specific wholesale sales figures, unit counts, internal Finished Good Numbers, confidential formula and project names, and manufacturing data. (Tyrell Decl. ¶¶ 12-13.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |

### C. Sealing Motions Re Reply in Support of Class Certification (ECF 123, 125)

Plaintiffs have filed a motion to consider whether another party's materials should be sealed (ECF 123), noting that portions of their reply in support of class certification contain materials designated as confidential by Reckitt.

Consistent with the Court's Civil Local Rules, Reckitt has responded by filing an administrative motion to file under seal (ECF 125) the subject portions of Plaintiffs' reply and supporting exhibits. Reckitt argues that compelling reasons exist to seal the materials at issue, and that its sealing requests are narrowly tailored to redact only those portions of the filings that disclose confidential, non-public information related to Reckitt's trade secrets and financial information. Reckitt's sealing motion is supported by the declarations of Chris Tyrell (ECF 125-1), Reckitt's Senior Brand Manager, Household, and Khirin A. Bunker (ECF 125-2), Reckitt's counsel in this case.

Plaintiffs have filed a reply (ECF 118) asserting that none of the Reckitt materials at issue should be sealed, that Reckitt has not met the compelling reasons test for sealing, and that the public has a right to access all materials filed in connection with the pending class certification motion.

The declarations of Mr. Tyrell and Mr. Bunker establish that the materials in question relate to Reckitt's trade secrets and financial information and are entitled to protection on that basis. *See Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-CV-04312-BLF, 2021 WL 4710695, at *2 (N.D. Cal. Oct. 7, 2021) ("The Court finds that the parties' requests are compelling given the sensitive financial and business information at issue."). The Court also finds that Reckitt's sealing request is narrowly tailored to redact only sealable material from the public docket. Finally, given the nature of the information, and Reckitt's narrow tailoring of its sealing requests, the Court finds that Reckitt has established compelling reasons for sealing and that Reckitt's interest in keeping its confidential information private outweighs the public's interest in access to the information. *See Kamakana*, 447 F.3d at 1179.

Accordingly, Plaintiffs' sealing motion (123) and Reckitt's sealing motion (125) are GRANTED. The Court's rulings are summarized in the following chart.

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | Plaintiffs' Reply in Support of Motion For Class Certification ("Plaintiffs' Reply") | Highlighted portions of: Table of Contents 1:8-9, 17-19 6:22-24 8:26-27 9:1-12 11:13-17, 19-20 12:3-4, 9-14 13:19, 21-28 14:1-2 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's wholesale pricing strategies, specific retailer and channel price increases, timing of internal processes, and pricing research.  (Tyrell Decl., ¶¶ 2-5.)  They further contain information derived from Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775.  (*Id.*)  Public disclosure of this information could cause competitive harm to Reckitt  (*Id.*) <br><br> Portions also contain information related to a confidential proceeding before the NAD.  (Bunker Decl., ¶¶ 3-5.) |

### III.   ORDER

(1)   Sealing motions addressing Plaintiffs' motion for class certification and supporting exhibits:

    (a)   Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed in Connection with Plaintiffs' Motion for Class Certification (ECF 110) is GRANTED as set forth herein.

    (b)   Reckitt's Administrative Motion to File Under Seal Plaintiffs' Motion for Class Certification and Related Documents (ECF 114) is GRANTED as set forth herein.

(2)   Sealing motions addressing Reckitt's opposition to class certification and supporting exhibits:

(a) Reckitt's Administrative Motion to File Under Seal Defendant's Opposition to Plaintiffs' Motion for Class Certification and Related Documents (ECF 119) is GRANTED as set forth herein.

(b) Reckitt's Administrative Motion to Consider Whether Another Party's Materials Should be Sealed in Connection with Plaintiffs' Motion for Class Certification (ECF 120) is GRANTED IN PART AND DENIED IN PART as set forth herein.

(c) Plaintiffs' Administrative Motion to File Under Seal an Excerpt of Exhibit 7 to Defendant Reckitt Benckiser's Opposition to Class Certification (ECF 122) is GRANTED as set forth herein.

(3) Sealing motions addressing Plaintiffs' reply in support of class certification:

(a) Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Filed Under Seal in Connection with Plaintiffs' Reply in Support of Motion for Class Certification (ECF 123) is GRANTED as set forth herein.

(b) Reckitt's Administrative Motion to File Under Seal Plaintiffs' Reply in Support of Motion for Class Certification and Related Documents (ECF 125) is GRANTED as set forth herein.

(4) This order terminates ECF 110, 114, 119, 120, 122, 123, and 125.

Dated:  March 22, 2022

_____
BETH LABSON FREEMAN
United States District Judge