1
2
3
4           **UNITED STATES DISTRICT COURT**
5          **NORTHERN DISTRICT OF CALIFORNIA**
6              **SAN JOSE DIVISION**
7

8  STEVEN PRESCOTT, et al., individually          Case No.  20-cv-02101-BLF
   and on behalf of others similarly situated
9
                      Plaintiffs,               **OMNIBUS ORDER RE**
10                                              **ADMINISTRATIVE MOTIONS TO**
           v.                                   **FILE UNDER SEAL IN CONNECTION**
11                                              **WITH SUMMARY JUDGMENT**
   RECKITT BENCKISER LLC,                       **BRIEFING**
12
                      Defendant.                [Re: ECF 154, 155, 158, 159, 164, 165]
13
14
15
16

17         This order addresses six administrative sealing motions filed by Plaintiffs and Defendant

18  Reckitt Benckiser LLC ("Reckitt") in connection with the briefing on Reckitt's motion for

19  summary judgment:  (1) Reckitt's administrative motion to file under seal portions of its motion

20  for summary judgment and related documents (ECF 154); (2) Reckitt's administrative motion to

21  consider whether another party's materials should be sealed in connection with Reckitt's motion

22  for summary judgment (ECF 155); (3) Plaintiffs' administrative motion to file under seal excerpt

23  of Exhibit 13 to Reckitt's motion for summary judgment (ECF 158); (4) Plaintiffs' administrative

24  motion to consider whether another party's materials should be sealed in connection with

25  Plaintiffs' opposition (ECF 159); (5) Reckitt's administrative motion to seal portions of Plaintiffs'

26  opposition and related documents (ECF 164); and Reckitt's administrative motion to file under

27  seal portions of its reply and related documents (ECF 165).

28         The Court's rulings on these motions are set forth below.

United States District Court
Northern District of California

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

Under this Court's Civil Local Rules, a party moving to seal a document in whole or in part must file a statement identifying the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient.  *See* Civ. L.R. 79-5(c)(1).  A supporting declaration shall be submitted if necessary.  *See* Civ. L.R. 79-5(c)(2).  Finally, the moving party must submit "a proposed order that is narrowly tailored to seal only the sealable material[.]"  Civ. L.R. 79-5(c)(3).

Where the moving party requests sealing of material that has been designated confidential by another party, the designating party has the burden to establish that the material should be sealed.  *See* Civ. L.R. 79-5(f).

## II.   DISCUSSION

"The compelling reasons standard applies to sealing of documents relating to motions for class certification and summary judgment because those motions are 'more than tangentially related to the underlying cause of action.'"  *Freitas v. Cricket Wireless, LLC*, No. C 19-7270 WHA, 2022 WL 971578, at *1 (N.D. Cal. Mar. 31, 2022) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099).  The sealing motions before the Court address three sets of documents:  Reckitt's motion for summary judgment and supporting exhibits; Plaintiffs' opposition to summary judgment and supporting exhibits; and Reckitt's reply in support of summary judgment and supporting exhibits.

The Court addresses the parties' motions related to these three sets of documents in turn.

**A.      Sealing Motions Re Motion for Summary Judgment (ECF 154, 155, 158)**

Reckitt has filed a motion to seal portions of its summary judgment motion and supporting documents (ECF 154) on the basis that those filings contain confidential Reckitt materials that satisfy the compelling reasons test for sealing.  This motion is supported by the declarations of Chris Tyrell (ECF 154-2) and Sascha Henry (ECF 154-1), who state that the materials contain confidential information regarding Reckitt's detergent formulas, product development, testing protocols, internal business strategies, internal communications, and financial information.  *See* Tyrell Decl. ¶¶ 2, 4, 6, 8, 10, 12, 14, 16; Henry Decl. ¶¶ 2-4, 6, 8, 10, 12.  The Ninth Circuit has found this type of information to be sealable, and this Court previously has found the same or similar materials appropriate for sealing in this case.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Prescott v. Reckitt Benckiser LLC*, No. 20-CV-02101-BLF, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022).

Based on the declarations of Mr. Tyrell and Mr. Henry, and after evaluating the materials in question, the Court is satisfied that Reckitt has demonstrated compelling reasons for sealing the designated portions of its summary judgment motion and supporting exhibits and that Reckitt's sealing requests are narrowly tailored to seal only sealable material.  Reckitt seeks targeted redactions with respect to its summary judgment brief and Exhibits 1-5, and 31 to the Bunker Declaration.  Reckitt requests sealing of two exhibits in their entirety – Exhibits 6, containing confidential trade secrets, and Exhibit 7, containing information about confidential proceedings before the National Advertising Division ("NAD") – and the Court finds that more limited redactions of those exhibits would not be sufficient to protect Reckitt's confidential information. It is the Court's determination that, given the sensitive nature of the information in question, Reckitt has demonstrated that its interest in keeping its confidential information private outweighs the public's interest in access to the information.  *See Kamakana*, 447 F.3d at 1179 ("[T]he court must conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." (internal quotation marks and citation omitted)).

Accordingly, Reckitt's motion to seal portions of its summary judgment motion and related documents (ECF 154) is GRANTED.

1     Reckitt also has filed a motion to consider whether another party's materials should be

2  sealed (ECF 155), specifically Exhibits 13, 15, and 16 to the declaration of Khirin Bunker, on the

3  basis that Plaintiffs have designated those materials confidential.  Plaintiffs have responded by

4  filing an administrative motion to seal (ECF 158) which is limited to a single line of Exhibit 13 to

5  the Bunker Declaration, containing Plaintiff Robert Prescott's email address.  Plaintiffs do not

6  seek to seal any other portions of Exhibits 13, 15, or 16 to the Bunker Declaration.  District courts

7  within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of

8  personal information outweighs the public's interest in access to court filings.  *See Activision*

9  *Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-cv-00051-MWF (JCx), 2023 WL 2347134, at *1

10  (C.D. Cal. Feb. 27, 2023) ("[C]ompelling reasons exist to keep personal information confidential

11  to protect an individual's privacy interest and to prevent exposure to harm or identity theft.").

12     Reckitt's motion to consider whether another party's materials should be sealed (ECF 155)

13  is GRANTED as to the materials designated in Plaintiffs' companion motion to seal (ECF 158),

14  which also is GRANTED.

15     **B.     Sealing Motions Re Opposition to Summary Judgment (ECF 159, 164)**

16     Plaintiffs have filed a motion to consider whether another party's materials should be

17  sealed (ECF 159), noting that portions of their opposition brief and related documents contain

18  materials designated confidential by Reckitt.  Reckitt has responded by filing a motion to seal

19  portions of Plaintiffs' opposition brief and supporting exhibits (ECF 164).  Reckitt's motion is

20  supported by the declarations of Chris Tyrell (ECF 164-2) and Khirin Bunker (ECF 164-1), who

21  state that the materials contain confidential information regarding Reckitt's detergent formulas,

22  product development, testing protocols, internal business strategies, internal communications, and

23  financial information.  *See* Tyrell Decl. ¶¶ 2-3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31,

24  33, 35, 37, 39, 41, 43, 45-46, and 48; Bunker Decl. ¶¶ 2-14.  The Ninth Circuit has found this type

25  of information to be sealable, and this Court has found similar material appropriate for sealing in

26  this case.  *See In re Elec. Arts, Inc.*, 298 F. App'x at 569; *Prescott*, 2022 WL 847309, at *2.

27     Based on the declarations of Mr. Tyrell and Mr. Bunker, and after evaluating the materials

28  in question, the Court is satisfied that Reckitt has demonstrated compelling reasons for sealing the

United States District Court
Northern District of California

4

designated portions of Plaintiffs' opposition and supporting exhibits and that Reckitt's sealing requests are narrowly tailored to seal only sealable material.  Reckitt seeks targeted redactions with respect to Plaintiffs' opposition brief and Exhibits 1-4, 6, 10-11, 13-14, 16-23, and 25-26 to the declaration of Eric Kafka.  Reckitt requests sealing of four exhibits in their entirety, Exhibits 12, 24, 27, and 28 to the Kafka Declaration.  The Court finds that more limited redactions of those exhibits would not be sufficient to protect Reckitt's confidential information contained therein.  It is the Court's determination that, given the sensitive nature of the information in question, Reckitt has demonstrated that its interest in keeping its confidential information private outweighs the public's interest in access to the information.  *See Kamakana*, 447 F.3d at 1179.

Accordingly, Plaintiffs' motion to consider whether another party's materials should be sealed (ECF 159) is GRANTED as to the materials specified in Reckitt's companion motion to seal (ECF 164), which also is GRANTED.

**C.      Sealing Motion Re Reply in Support of Summary Judgment (ECF 165)**

Reckitt has filed a  motion to seal portions of its reply and related documents (ECF 165).  The motion is supported by the declarations of Chris Tyrell (ECF 165-2) and Khirin Bunker (ECF 165-1), who state that the materials contain confidential information regarding Reckitt's detergent formulas, product development, testing protocols, internal business strategies, internal communications, and financial information.  *See* Tyrell Decl. ¶¶ 2-4; Bunker Decl. ¶¶ 2-7.  The Ninth Circuit has found this type of information to be sealable, and this Court has found such material appropriate for sealing in this case.  *See In re Elec. Arts, Inc.*, 298 F. App'x at 569; *Prescott*, 2022 WL 847309, at *2.

Based on the declarations of Mr. Tyrell and Mr. Bunker, and after evaluating the materials in question, the Court is satisfied that Reckitt has demonstrated compelling reasons for sealing the designated portions of its reply and supporting exhibits and that Reckitt's sealing requests are narrowly tailored to seal only sealable material.  Reckitt seeks targeted redactions with respect to its reply brief and Exhibits 1-2 and 4 to the reply declaration of Sascha Henry.  Reckitt does not seek sealing of any reply exhibits in their entirety.  It is the Court's determination that, given the sensitive nature of the information in question, Reckitt has demonstrated that its interest in

keeping its confidential information private outweighs the public's interest in access to the information.  *See Kamakana*, 447 F.3d at 1179.

 Reckitt's motion to seal portions of its reply and relate documents is GRANTED.

**III. ORDER**

(1) Reckitt's motion to seal portions of its summary judgment motion and related documents (ECF 154) is GRANTED.

(2) Reckitt's motion to consider whether another party's materials should be sealed (ECF 155) is GRANTED as to the material designated in Plaintiffs' companion motion to seal (ECF 158).

(3) Plaintiffs' motion to seal (ECF 158) is GRANTED.

(4) Plaintiffs' motion to consider whether another party's materials should be sealed (ECF 159) is GRANTED as to the materials specified in Reckitt's companion motion to seal (ECF 164).

(5) Reckitt's motion to seal portions of Plaintiffs' opposition brief and supporting exhibits (ECF 164) is GRANTED.

(6) Reckitt's motion to seal portions of its reply and related documents (ECF 165) is GRANTED.

(7) The specific portions of the briefs and exhibits as to which sealing is granted are identified in the charts appended to this order.

(8) This order terminates ECF 154, 155, 158, 159, 164, and 165.

Dated:  March 9, 2023

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | Reckitt's Motion for Summary Judgment | Highlighted portions of: Page 5 line 25 and Page 6 lines 1, 4-5, 11-12, 17-18 | The portions that Reckitt seeks to seal contain confidential information regarding the suppliers of Reckitt's enzyme materials and information regarding product testing and Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775. (Tyrell Decl. ¶¶ 2-3.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id*.)  Portions also contain information related to a confidential proceeding before the NAD.  (Henry Decl., ¶¶ 3-4, 12.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id*.) |
| Ex. 1 | Internal Presentation Excerpts, RB0007631-RB0007632 | Page RB0007632. | The portions that Reckitt seeks to seal contain confidential information regarding formula changes to Woolite products over time and includes confidential project names. (Tyrell Decl. ¶¶ 4-5.) Public disclosure of this information could cause competitive harm to Reckitt.  (*Id*.) |
| Ex. 2 | Expert Rebuttal Report of Martin Bide, Ph.D dated October 17, 2022 | Highlighted portions of: Page 3, Paragraphs 6 and 8; Page 5, Paragraph 14; Page 6, Paragraphs 14-16; Page 8, Paragraph 23; Page 9, Paragraphs 26, 27, and 28; Page 10, Paragraphs 29 and 30; Page 11, Paragraph 30; Page 12, Paragraphs 30, 31, and 32; Page 13, Paragraph 32; Page 14, Paragraphs 34, 35, and 36; Page 15, Paragraphs 36 and 37; Page 22, Paragraph 50 and Footnote 19; Page 24, Paragraph 56 and Footnote 21; Page 25, | The portions that Reckitt seeks to seal contain confidential information regarding product testing and Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775. (Tyrell Decl. ¶¶ 6-7.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id*.)  Portions also contain information related to a confidential proceeding before the NAD.  (Henry Decl., ¶¶ 3-4, 6-7.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id*.) |

United States District Court
Northern District of California

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | | Paragraphs 57, 58, and 59; Page 26, Paragraph 60; Page 27, Paragraphs 61, 63, and Footnote 25; Page 28, Paragraphs 64, 65, 66, and Footnote 26; Page 29, Paragraphs 66, 67, 68, and 69; Page 30, Paragraphs 69 and 74; Page 31, Paragraphs 72, 75(a), 75(b), and 75(c); and Exhibit 2, Supplier Materials. | The Court has previously found that this same material warrants sealing. *See* ECF No. 128. |
| Ex. 3 | Excerpts from the deposition of Heidi Fuentes | Highlighted portions of: 52:16-23 and 62:10, 25. | The portions that Reckitt seeks to seal contain confidential information regarding  Reckitt's Woolite laundry detergent formulation, development, and confidential project names.  (Tyrell Decl. ¶¶ 8-9.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 4 | Excerpts from the deposition of Randy Emil Meirowitz, Ph.D. | Highlighted portions of: 227:1-18, 228:5-11. | The portions that Reckitt seeks to seal contain confidential information regarding product testing and Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775. (Tyrell Decl. ¶¶ 10-11.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  Portions also contain information related to a confidential proceeding before the NAD.  (Henry Decl., ¶¶ 3-4, 8-9.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 5 | "Bronze Launch Reco" Excerpts, RB0001764, RB0001779 | Page RB0001779. | The portions that Reckitt seeks to seal contain confidential information regarding formulations of Woolite and supporting enzyme technologies.  (Tyrell Decl. ¶¶ 12-13.) |

8

United States District Court
Northern District of California

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | | | Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 6 | CS-3775, RB0000073 | In its entirety. | Defendant seeks to seal a copy of Reckitt's confidential trade secret claims substantiation testing protocol (CS-3775).  (Tyrell Decl. ¶¶ 14-15.)  The methodology behind the protocol was specifically developed by Reckitt's internal Research & Development team and constitutes highly sensitive information that is treated as a trade secret by Reckitt in the ordinary course of business.  (*Id.*)  The public disclosure of this information could cause competitive harm to Reckitt's.  (*Id.*)<br><br>The Court has previously found that this same material warrants sealing.  *See* ECF No. 128. |
| Ex. 7 | March 17, 2019 letter from Proctor & Gamble to the National Advertising Division | In its entirety. | Defendant seeks to seal a submission by Procter & Gamble regarding Reckitt's advertising as part of a confidential NAD proceeding.  (Henry Decl., ¶¶ 2-5.)  This confidentiality requirement is important to facilitate NAD's dispute resolution process, and Reckitt would be harmed if the materials it submitted in the NAD proceedings were publicly disclosed despite the parties and NAD's expectations and requirements that this information remain confidential.  (*Id.*)<br><br>The Court has previously found that this same material warrants sealing.  *See* ECF No. 128. |
| Ex. 13 | Excerpts of Deposition | Line 140:3 | The line contains Plaintiff Steven Prescott's email address |

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | Transcript of Steven Prescott | | |
| Ex. 31 | Expert Trial Report of Randy Emil Meirowitz, Ph.D. dated September 12, 2022 | Highlighted portions of Expert Report of Randy Emil Meirowitz, Ph.D. August 17, 2021 ("Report"): Report Page 2, Paragraph 10; Report Page 7, Paragraph 29; Report Page 10, Paragraph 35; Report Page 12, Paragraph 37; Report Page 14, Paragraph 43; Report Page 17, Paragraph 47; Report Page 18, Paragraphs 49, 50, 51, and 52; Report Page 19, Paragraphs 52, 53, and 54; Report Page 20, Paragraphs 54 and 55; Report Page 21, Paragraph 56 and Table 2; Report Page 22, Paragraph 57.<br><br>Highlighted portions of Rebuttal Report of Randy Emil Meirowitz, Ph.D. October 15, 2021 ("Rebuttal"):  Rebuttal Page 3, Footnote 9; Rebuttal Page 4, Paragraphs 10, 11, and 12; Rebuttal Page 5, Paragraphs 12, 13, and 14. | The portions that Reckitt seeks to seal contain discussions of Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775.  (Tyrell Decl., ¶¶ 16-17.)  The methodology behind the protocol was specifically developed by Reckitt's internal Research & Development team and constitutes highly sensitive information that is treated as a trade secret by Reckitt in the ordinary course of business.  (*Id.*)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  Portions also contain information related to a confidential proceeding before the NAD.  (Henry Decl., ¶¶ 3-4, 10-11.)   Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)<br><br>The Court has previously found that this same material warrants sealing. *See* ECF No. 128. |

United States District Court
Northern District of California

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | Plaintiffs' Opposition | Table of Contents; 2:4-5, 2:10-11, 2:16 3:3-4, 3:10, 3:15-16, 3:21-24, 3:27 4:11 5:3, 5:5, 5:7-13, 17-21, 27 10:21-23 25:6-7, 25:10-11 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's financial information, wholesale pricing strategies, competitive analysis, timing of internal processes, wholesale sales including specific Woolite Laundry Detergent unit sales information, and market research.  (Tyrell Decl., ¶¶ 2-4.) These portions further contain information derived from Reckitt's trade secret claims substantiation protocol, referred to internally as CS-3775.  (*Id.*)  Public disclosure of this information could cause competitive harm to Reckitt  (*Id.*)  Portions also contain information related to a confidential proceeding before the NAD.  (Bunker Decl., ¶¶ 8-9, 11-12.) |
| Ex. 1 | Excerpts from transcript of deposition of Christopher Tedesco | Highlighted portions of: Table of Contents 8:22-23 73:5-10, 17-25 74:1-4, 12-15, 18-25 75:1-2, 4-8 87:18, 24-25 88:4-6 89:6, 10 91:1, 8-12, 15 92:17, 20 | The portions that Reckitt seeks to seal contain confidential information regarding wholesale pricing strategies and Reckitt's employee compensation structure.  (Tyrell Decl., ¶¶ 5-6.) Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The portions further contain Mr. Tedesco's private home address, the public disclosure of which would negatively impact his privacy rights.  (Bunker Decl. ¶¶ 13-14.)  The Court has previously found "compelling reasons" to seal this information.  (ECF No. 128.) |
| Ex. 2 | Woolite Brand History, RB0000244 | Highlighted portions of: RB0000246 RB0000247 RB0000249 | The portions that Reckitt seeks to seal contain confidential information regarding household penetration rates and reflects Reckitt's target consumer demographics developed through market research.  (Tyrell |

| | | | Decl., ¶¶ 7-8.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The Court has previously found "compelling reasons" to seal this information.  (ECF No. 128.) |
|---|---|---|---|
| Ex. 3 | 2018 Media Plan Communications Brief, RB000073 | Highlighted portions of: RB0000733 RB0000734 RB0000735 | The portions that Reckitt seeks to seal contain confidential information regarding household penetration rates, marketing campaign results, budgeting, and competitive strategies.  (Tyrell Decl., ¶¶ 9-10.)  Public disclosure of this information could cause competitive harm to Reckitt  (*Id.*)  The Court has previously found "compelling reasons" to seal this information.  (ECF No. 128.) |
| Ex. 4 | Project Document, RB0013572 | Highlighted portions of: RB0013572 | The portions that Reckitt seeks to seal contain confidential information regarding budgeting and target consumer demographics developed through market research.  (Tyrell Decl., ¶¶ 11-12.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The Court has previously found "compelling reasons" to seal this information.  (ECF No. 128.) |
| Ex. 6 | Reckitt's Sixth Supplemental Response to Plaintiffs' First Set of Interrogatories | Highlighted portions of: Table at Page 6 Table at Page 7 Table at Page 8 Tables at Page 10 11:1-2 12:1-2, 17-26 13:4-12 Page 14, footnote 1 16:16, Table at Page 16 Tables at Page 17 Table at Page 18 Attachment A, Page 1 Attachment A, Page 2 Attachment A, Page 3 | The portions that Reckitt seeks to seal contain confidential information regarding circulation dates for certain Woolite product SKUs, the company's financial tracking and accounting capabilities, specific wholesale sales figures, unit counts, internal Finished Good Numbers and component codes, and manufacturing data.  (Tyrell Decl., ¶¶ 13-14.)  Public disclosure of this information could cause competitive harm to Reckitt  (*Id.*)   The Court has previously found "compelling reasons" to seal this information.  (ECF No. 128.) |

| | | | |
|---|---|---|---|
| | | Attachment A, Page 4<br>Attachment A, Page 5<br>Attachment A, Page 6<br>Attachment A, Page 7<br>Attachment A, Page 8<br>Attachment A, Page 9<br>Attachment A, Page 10<br>Attachment A, Page 11<br>Attachment A, Page 12<br>Attachment A, Page 13<br>Attachment A, Page 14<br>Attachment A, Page 15<br>Attachment A, Page 16<br>Attachment A, Page 17<br>Attachment A, Page 18<br>Attachment B | |
| Ex. 10 | Presentation titled "Follow up from LR sign off meeting," RB0002630 | Highlighted portions of:<br>RB0002630<br>RB0002631<br>RB0002633<br>RB0002634<br>RB0002635<br>RB0002636<br>RB0002637<br>RB0002638<br>RB0002639<br>RB0002640<br>RB0002642<br>RB0002643<br>RB0002645<br>RB0002646<br>RB0002647<br>RB0002648<br>RB0002649<br>RB0002652<br>RB0002653<br>RB0002654<br>RB0002655<br>RB0002656<br>RB0002657<br>RB0002658<br>RB0002659<br>RB0002662<br>RB0002663<br>RB0002664<br>RB0002665<br>RB0002666 | The portions that Reckitt seeks to seal contain confidential information regarding business strategy, product development efforts, claims substantiation work, marketing objectives, sales data, consumer target/market research, budgeting, and complete profit and loss statements and financial analysis for Europe and the United States for Reckitt's entire household brands. (Tyrell Decl., ¶¶ 15-16.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*)   The Court has previously found "compelling reasons" to seal this information.  (ECF No. 128.) |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | RB0002668 RB0002669 RB0002670 | |
|---|---|---|---|
| Ex. 11 | Presentation titled "2017 US Plan Woolite," March 28, 2016, RB0001319 | Highlighted portions of: RB0001320 RB0001321 RB0001322 RB0001323 RB0001325 RB0001329 RB0001331 RB0001332 RB0001333 RB0001334 RB0001335 RB0001336 RB0001337 RB0001338 RB0001339 RB0001341 | The portions that Reckitt seeks to seal contain confidential information regarding household penetration rates, marketing campaign results, budgeting, pricing analyses, profit statements, business objectives, and competitive strategies.  (Tyrell Decl., ¶¶ 17-18.) Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The Court has previously found "compelling reasons" to seal this information. (ECF No. 128.) |
| Ex. 12 | Woolite RB Pre-Read November, RB0011710 | In its entirety. | Reckitt seeks to seal highly sensitive financial information including Reckitt's profit and loss statements for the Woolite brand, cost of goods, pricing analysis, capital expenditures, forward looking product innovation and explanations of Reckitt's detergent formulations and active ingredients. (Tyrell Decl., ¶¶ 19-20.) Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The Court has previously found "compelling reasons" to seal this document in its entirety.  (ECF No. 128.) |
| Ex. 13 | Internal email communications, RB0002721 | Highlighted portions of: RB0002721 RB0002722 RB0002723 RB0002724 RB0002725 RB0002726 RB0002727 | The portions that Reckitt seeks to seal contain internal communications regarding the development of marketing claims and competitor analysis.  (Tyrell Decl., ¶¶ 21-22.) Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 14 | August 5, 2016 internal  Reckitt | Highlighted portions of: RB0001400 | The portions that Reckitt seeks to seal contain confidential |

| | | | |
|---|---|---|---|
| | e-mail chain, RB0001401 | RB0001401 | information regarding market performance, marketing spend, target market, and business strategy. (Tyrell Decl., ¶¶ 23-24.) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) The Court has previously found "compelling reasons" to seal this information. (ECF No. 128.) |
| Ex. 16 | Presentation titled Woolite October RB0017973 | Highlighted portions of: RB0017973 RB0017974 RB0017975 RB0017976 RB0017977 RB0017978 RB0017979 RB0017980 RB0017981 RB0017982 RB0017983 RB0017984 RB0017985 RB0017987 RB0017988 RB0017989 RB0017990 RB0017993 RB0017994 RB0017995 RB0017996 RB0017997 RB0017998 RB0017999 RB0018001 RB0018002 RB0018003 RB0018004 RB0018005 RB0018006 RB0018007 RB0018008 RB0018009 RB0018010 RB0018011 RB0018012 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's profit and loss statements for the Woolite brand, competitive pricing analysis, and retailer partnership strategies. (Tyrell Decl., ¶¶ 25-26.) The portions further contain business strategy, market research, and financial information regarding Reckitt's "Athly" product, which is not at issue in this litigation. (*Id.*) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) The Court has previously found "compelling reasons" to seal this information. (ECF No. 128.) |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | RB0018013<br>RB0018014<br>RB0018015<br>RB0018016<br>RB0018017<br>RB0018018<br>RB0018020<br>RB0018021<br>RB0018022<br>RB0018023<br>RB0018024<br>RB0018025<br>RB0018026 | |
| Ex. 17 | Trial Expert Report of Gregory A. Pinsonneault | Highlighted portions of:<br>Trial Expert Report<br>Table of Contents, 1:19-20<br>¶¶ 29-35<br>¶¶ 37-39<br>Figure 1<br>¶¶ 40-46<br>Footnote 22<br>Figure 2<br>¶¶ 47-60<br>Footnote 34<br>¶¶ 62-67<br>¶¶ 69-71<br>Footnotes 69-70, 74<br>¶¶ 72-73<br>Figure 3<br>¶ 75<br>Figure 4<br>Figure 5<br>¶¶ 76-80<br>Footnotes 80-82<br>Figures 6 and 7<br>¶¶ 81-87<br>Footnotes 90-92<br>¶ 89<br>Figure 8<br>¶¶ 90-92<br>Footnote 98<br>¶¶ 94-99<br>Figure 9<br>¶ 100<br>Footnote 106<br>Figure 10<br>¶¶ 102-110 | The portions that Reckitt seeks to seal contain confidential information regarding wholesale financial information for the Woolite brand, market performance, strategic business decisions, retail partners and pricing – including enormous amounts of financial information and pricing analyses derived from several years of Reckitt's sensitive wholesale sales data.  (Tyrell Decl., ¶¶ 27-28.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id*.)  The Court has previously found "compelling reasons" to seal much of this same information in connection with Mr. Pinsonneault's class certification expert report and rebuttal report attached as Exhibits "D" and "E" to Mr. Pinsonneault's Trial Expert Report.  (ECF No. 128.) |

United States District Court
Northern District of California

Footnote 108
¶¶ 112-116
¶ 118
¶ 120
Footnote 125
¶ 129
¶ 140
Footnotes 142, 149
¶¶ 146-48
¶ 152

Trial Expert Report Ex. B
In its entirety

Highlighted portions of:
Trial Expert Report Ex. D
Table of Contents 1:17-18
¶¶ 23-29
Footnotes 40-42
¶ 32
Figure 1
¶¶ 34-40
Footnote 23
Figure 2
Footnote 35
¶¶ 41-54
¶¶ 56-58
Footnotes 49-50
¶ 60
Footnote 51
Figure 3
¶ 61
¶¶ 63-64
¶ 66
Figure 4
¶ 67
Footnote 56
Figure 5
¶¶ 69-70
¶¶ 72-73
Footnote 58
¶ 75

Highlighted portions of:
Trial Expert Report Ex.
D's internal Ex. B
Pages 2-5
Pages 7-27

United States District Court
Northern District of California

|  |  | Pages 29-30<br>Page 33<br>Pages 35-100<br><br>Highlighted Portions of:<br><u>Trial Expert Report Ex. E</u><br>Table of Contents, Lines 7-8<br>¶ 3<br>¶¶ 7-12<br>Footnote 19<br>¶¶ 13-14<br>¶¶ 16-18<br>Footnotes 29 and 30<br>¶¶ 19-20<br>Figures 1 and 3<br>¶¶ 23-27<br>Figures 4 and 5<br>¶¶ 28-32<br>Footnote 53<br>¶¶ 34-37<br>¶¶ 39-45<br>¶ 47<br><br>Highlighted portions of:<br><u>Trial Expert Report Ex.<br>E's internal Ex. B</u><br>Pages 2-31<br>Pages 33-34<br>Pages 36-37<br>Pages 39-104 |  |
| Ex. 18 | Project Brief, RB0001867 | Highlighted portions of:<br>RB0001867<br>RB0001868<br>RB0001869<br>RB0001870<br>RB0001871<br>RB0001872 | The portions that Reckitt seeks to seal contain confidential information regarding sensitive business strategy, financial information, and product development targets and reflects Reckitt's internal processes for new product development.  (Tyrell Decl., ¶¶ 29-30.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The Court has previously found "compelling reasons" to seal this information. (ECF No. 128.) |
| Ex. 19 | Presentation titled "Woolite | Highlighted portions of:<br>RB0002701 | The portions that Reckitt seeks to seal contain confidential |

18

United States District Court
Northern District of California

|  |  |  |  |
|---|---|---|---|
|  | Detergent 2017 Category Growth Strategy," RB0002700 | RB0002702 RB0002703 RB0002704 RB0002707 RB0002709 RB0002711 RB0002712 RB0002713 | information regarding pricing strategies and analyses. (Tyrell Decl., ¶¶ 31-32.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The Court has previously found "compelling reasons" to seal this information.  (ECF No. 128.) |
| Ex. 20 | October 13, 2016 internal Reckitt email chain, RB0017930 | Highlighted portions of: RB0017933 RB0017934 RB0017935 RB0017936 RB0017937 RB0017938 RB0017939 | The portions that Reckitt seeks to seal contain confidential information regarding the emails for over seventy Reckitt employees. (Tyrell Decl., ¶¶ 33-34.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*)  Portions of RB00017933-39 also include references to confidential project names and summaries of Reckitt's business planning for Woolite and other products.  (*Id.*)  The Court has previously found "compelling reasons" to seal this information. (ECF No. 128.) |
| Ex. 21 | Presentation titled "Woolite 2017 Priorities and Supporting Materials," RB0005909 | Highlighted portions of: RB0005910 RB0005911 RB0005912 RB0005913 RB0005916 RB0005919 RB0005920 RB0005922 RB0005924 RB0005925 RB0005926 RB0005927 RB0005928 | The portions that Reckitt seeks to seal contain confidential information regarding household penetration rates, budgeting and investment, Woolite Laundry Detergent product formulation ingredients, and Reckitt's target consumer demographics developed through market research and other market research conclusions.  (Tyrell Decl., ¶¶ 35-36.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)  The Court has previously found "compelling reasons" to seal this information.  (ECF No. 128.) |
| Ex. 22 | December 13, 2016 internal Reckitt email chain, RB0013128 | Highlighted portions of: RB0013129 | The portions that Reckitt seeks to seal contain confidential internal communications regarding pricing changes.  (Tyrell Decl., ¶¶ 37-38.) Public disclosure of this information |

United States District Court
Northern District of California

| | | | could cause competitive harm to Reckitt. (*Id.*) The Court has previously found "compelling reasons" to seal this information. (ECF No. 128.) |
|---|---|---|---|
| Ex. 23 | Presentation titled "Resolve Carpet 2017 Category Growth Strategy," RB0013134 | Highlighted portions of: RB0013135 RB0013136 RB0013137 RB0013138 RB0013139 RB0013140 RB0013141 RB0013142 RB0013143 RB0013144 RB0013145 RB0013146 RB0013147 RB0013148 RB0013149 RB0013151 RB0013152 RB0013153 RB0013154 RB0013157 RB0013159 RB0013161 RB0013162 RB0013163 RB0013164 RB0013165 RB0013166 RB0013167 RB0013168 RB0013169 RB0013170 RB0013171 RB0013172 RB0013173 RB0013174 RB0013175 RB0013176 | The portions that Reckitt seeks to seal contain confidential financial information regarding household penetration rates, budgeting and investment, and Woolite Laundry Detergent product formulation ingredients. (Tyrell Decl., ¶¶ 39-40.) The portions also reflect Reckitt's target consumer demographics developed through market research and other market research conclusions. (*Id.*) Further, RB0013135, RB0013136, RB0013137, RB0013138, RB0013139, RB0013140, RB0013141, RB0013142, RB0013143, RB0013144, RB0013145, RB0013146, RB0013147, RB0013148, RB0013149, RB0013164, RB0013165, RB0013166, RB0013167, RB0013168, RB0013169, RB0013170, RB0013171, RB0013172, RB0013173, RB0013174, RB0013175, and RB0013176 include over twenty-five pages of business strategy, market research, and financial information regarding Reckitt's Resolve product, VMS, and Multi-Surface and Personal Care products. (*Id.*) Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) The Court has previously found "compelling reasons" to seal this information. (ECF No. 128.) |
| Ex. 24 | Pricing Information, RB0002943 (Produced in | In its entirety. | Defendant seeks to seal a copy of Reckitt's confidential and highly sensitive pricing analyses conducted internally by Reckitt. (Tyrell Decl. ¶¶ 41-42.) Public disclosure of this |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | Native Excel Format) | | information could cause competitive harm to Reckitt.  (*Id*.)  The Court has previously found "compelling reasons" to seal this document in its entirety.  (ECF No. 128.) |
| Ex. 25 | Trial Expert Report of Randy Emil Meirowitz, Ph.D. | Highlighted Portions of:<br>Expert Report<br>¶ 10<br>¶ 29<br>¶ 35<br>¶ 37<br>¶ 43<br>¶ 47<br>¶ 49<br>¶¶ 51-57<br>Footnote 26<br>Table 2<br>¶ 61<br><br>Rebuttal Report<br>¶ 7<br>Footnote 9<br>¶¶ 11-14 | The portions that Reckitt seeks to seal contain confidential discussions of Reckitt's trade secret claims substantiation protocol referred to internally as CS-3775.  (Tyrell Decl., ¶¶ 43-44.)  The methodology behind the protocol was specifically developed by Reckitt's internal Research & Development team and constitutes highly sensitive information that is treated as a trade secret by Reckitt in the ordinary course of business.  (*Id*.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id*.)  Portions of the document also contains information derived from confidential submissions to the NAD.  (Bunker Decl. ¶¶ 11-12.)<br><br>The Court has previously found "compelling reasons" to seal this information in connection with Dr. Meirowitz's class certification expert report and rebuttal report which are copied and pasted into his trial report.  (ECF No. 128.) |
| Ex. 26 | Reckitt 's Supplemental Response to Plaintiffs' First Set of Interrogatories | Highlighted portions of:<br>Table at Page 6<br>Table at Page 7<br>Table at Page 8<br>10:17-18<br>11:5-6, 9-14, 20-28<br>13:13-28<br>14:1-11 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's product supply chain, financial information, and trade secret testing protocols.  (Tyrell Decl., ¶¶ 45-47.)   The portions further contain information regarding  Reckitt's highly confidential testing protocol (CS-3775).  (*Id*.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id*.)  The Court has previously found |

| | | | "compelling reasons" to seal this information.  (ECF No. 128.) |
|---|---|---|---|
| Ex. 27 | CS-3775, RB0000073 | In its entirety. | Defendant seeks to seal a copy of Reckitt's confidential trade secret claims substantiation testing protocol (CS-3775).  (Tyrell Decl. ¶¶ 48-49.)  The methodology behind the protocol was specifically developed by Reckitt's internal Research & Development team and constitutes highly sensitive information that is treated as a trade secret by Reckitt in the ordinary course of business.  (*Id*.)  The public disclosure of this information could cause competitive harm to Reckitt's.  (*Id*.)  The Court has previously found "compelling reasons" to seal this document in its entirety.  (ECF No. 128.) |
| Ex. 28 | March 15, 2019 letter from Proctor & Gamble to the National Advertising Division | In its entirety. | Defendant seeks to seal a submission by Procter & Gamble regarding Reckitt's advertising as part of a confidential NAD proceeding.  (Bunker Decl., ¶¶ 7-10.)  This confidentiality requirement is important to facilitate NAD's dispute resolution process, and Reckitt would be harmed if the materials it submitted in the NAD proceedings were publicly disclosed despite the parties and NAD's expectations and requirements that this information remain confidential.  (*Id.*)   The Court has previously found "compelling reasons" to seal this document in its entirety.  (ECF No. 128.) |

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | Reckitt's Reply | Highlighted portions of: Footnote 2 Page 12, Line 9 Page 15, Lines 10, 12, 15-16 | The portions that Reckitt seeks to seal contain confidential information regarding wholesale pricing strategies and confidential project names used in Reckitt's product development processes. (Tyrell Decl. ¶ 2.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*)

Portions also contain information related to a confidential proceeding before the NAD.  (Bunker Decl., ¶¶ 2-5.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |
| Ex. 1 | Excerpts from the deposition of Daniel Redmon | Highlighted portions of: 18:14, 16, and 22 | The portions that Reckitt seeks to seal contain confidential information regarding  Reckitt's confidential project names and processes for product development. (Tyrell Decl. ¶¶ 3-4.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*) |
| Ex. 2 | Excerpts from the deposition of Christopher Tedesco | Highlighted portions of: 8:22-23 61:7, 9, 11-18, and 20 | The portions that Reckitt seeks to seal contain confidential information regarding Reckitt's confidential project names and processes for product development. (Tyrell Decl. ¶¶ 3-4.)  Public disclosure of this information could cause competitive harm to Reckitt. (*Id.*)

The portions further contain Mr. Tedesco's private home address, the public disclosure of which would negatively impact his privacy rights. (Bunker Decl. ¶ 6.)  The Court has previously found "compelling reasons" to seal this information.  *See* ECF No. 128. |

23

| ECF / Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Ex. 4 | Excerpts from the deposition of Randy Meirowitz | Highlighted portions of: 50:3, 11-12, 16 | The portions that Reckitt seeks to seal contain information related to a confidential proceeding before the NAD.  (Bunker Decl., ¶¶ 2-5.)  Public disclosure of this information could cause competitive harm to Reckitt.  (*Id.*) |