UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| STEVEN ROBERT PRESCOTT, DONOVAN MARSHALL, MARIA CHRISTINE ANELLO, DARLENE KITTREDGE, TREAHANNA CLEMMONS, and SUSAN ELIZABETH GRACIALE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No.: 5:20-cv-02101-BLF<br><br>**REVISED [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>Hon. Beth Labson Freeman |

## [~~PROPOSED~~] ORDER

After considering Plaintiffs' Motion for Preliminary Approval and to Direct Notice of Settlement, the Court concludes it is appropriate to preliminarily approve the parties' proposed class action settlement and to direct notice in a reasonable manner to Class Members who would be bound by the proposed settlement, since the Court will likely be able to (i) approve the proposed settlement under Rule 23(e)(2) and (ii) certify the class for purposes of judgment on the proposed settlement. *See* Fed. R. Civ. P. 23(e)(1)(B).

The Court now GRANTS the pending motion and makes the following findings and orders:

### Likely Approval of the Proposed Settlement

1.  Based on its review, the Court finds that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2). See Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement: (a) results from efforts by Class Representatives and Class Counsel who adequately represented the class; (b) was negotiated at arm's length; (c) provides relief for the class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class; and (iii) the terms of the proposed award of attorney's fees, costs, and service awards, including timing of payment; and (d) treats Class Members equitably relative to each other.

### Likely Certification of Classes

2.  The Court further finds that the Court will likely be able to certify the Classes for purposes of judgment on the proposal. See Fed. R. Civ. P. 23(e)(1)(B)(ii). The Court preliminarily certifies the following Classes pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

    (a) California Class: All residents of California who purchased Woolite laundry detergent with a label bearing the phrases "Color Renew" and/or "revives colors" from February 1, 2017 to May 1, 2023.

(b) New York Class: All residents of New York who purchased Woolite laundry detergent with a label bearing the phrases "Color Renew" and/or "revives colors" from February 22, 2018 to May 1, 2023.

(c) Massachusetts Class: All residents of Massachusetts who purchased Woolite laundry detergent with a label bearing the phrases "Color Renew" and/or "revives colors" from February 22, 2017 to May 1, 2023.[1]

3. The membership of the proposed settlement classes is identical to the membership of the classes that were certified in my July 14, 2022 order granting class certification. *See* ECF No. 143 at 22-23.

4. The Court thus finds that this action is likely to be certified as a class action, for settlement purposes, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

5. Pursuant to 23(g), the Court appoints Eric Kafka of Cohen Milstein Sellers & Toll as Class Counsel for the Settlement Classes.

### Notice and Administration

6. The Court directs Epiq Class Action & Claims Solutions, Inc. ("Epiq") to fulfill its notice duties and responsibilities specified in this Order and the Settlement Agreement.

7. The Court finds that the provisions for notice to the Class set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The notice is reasonably calculated to apprise Class Members of the nature of this litigation; the scope of the Class, the Class claims, issues, or defenses; the terms of the Settlement Agreement; the right of Class Members to appear, object to the Settlement Agreement, and exclude themselves from the Settlement Class and the process for doing so; of the Final Approval Hearing; and of the binding

---

[1] Excluded from the Settlement Classes are: (a) Reckitt, any entity in which Reckitt has a controlling interest, Reckitt's officers, directors, legal representatives, successors, subsidiaries and assigns; (b) any judge, justice or judicial officer presiding over this action or settlement conferences and the members of their immediate families and staff; (c) any person who timely and properly excludes himself or herself from the Settlement Class.

effect of a class judgment on the Class. The Court therefore approves the proposed methods of providing notice and directs Epiq to proceed with providing notice to Class Members, pursuant to the terms of the Settlement Agreement and this Order.

8. No later than October 5, 2023, Epiq shall commence disseminating notice to the Class.

9. No later than fourteen days before the hearing on final approval of the settlement, Epiq shall provide a declaration or affidavit for the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) describes the scope, methods, and results of the notice plan.

### Objections and Exclusions

10. Class Members who wish to opt-out and exclude themselves from the Class may do so by submitting such request in writing consistent with the specifications listed in the Class Notice no later than December 19, 2023.

11. All Class members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

12. Any Class member who wishes to object to the Settlement must submit a written objection to the Court no later than December 19, 2023.

13. Any written objections must be either filed electronically with Court, submitted in person at any location of the U.S. District Court for the Northern District of California, or mailed to the "Class Action Clerk" at the Court's address. Any objection regarding or related to the proposed settlement shall contain a caption or title that identifies it as "Objection to Class Settlement in Prescott v. Reckitt LLC, No. 5:20-cv-02101-BLF (N.D. Cal.)."

### Final Approval Hearing and Schedule

14. The Court will hold a hearing on entry of final approval of the settlement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives at 9:00 a.m. on February 1, 2024. At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Class, and judgment

entered on the terms stated in the settlement; and (b) whether Plaintiffs' application for an award of attorney fees and expenses to Class Counsel and service awards to Class Representatives ("Fee Application") should be granted.

15. Plaintiffs shall move for final settlement approval and approval of attorney's fees, litigation expense reimbursements, and class representative service awards no later than December 19, 2023.

16. No later than January 9, 2024, Plaintiffs may file reply papers or a brief with any additional information in support of final approval and Plaintiffs' attorneys' fee application.

**IT IS SO ORDERED.**

Dated: September 14, 2023

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT COURT JUDGE