# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STEVEN ROBERT PRESCOTT, DONOVAN MARSHALL, MARIA CHRISTINE ANELLO, DARLENE KITTREDGE, TREAHANNA CLEMMONS, and SUSAN ELIZABETH GRACIALE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No.: 5:20-cv-02101-BLF<br><br>**FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

Plaintiffs' Motion for Final Settlement Approval and Awards of Attorney's Fees, Litigation Costs, and Service Awards came before the Court for hearing on March 28, 2024. Having considered the parties' Settlement Agreement, and all papers filed and proceedings had herein,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court finds, following rigorous analysis and for purposes of settlement only, that the following Settlement Classes satisfy the requirements of Federal Rule of Civil Procedure 23 and are certified:

    (a) California Class: All residents of California who purchased Woolite laundry detergent with a label bearing the phrases "Color Renew" and/or "revives colors" from February 1, 2017 to May 1, 2023.

    (b) New York Class: All residents of New York who purchased Woolite laundry detergent with a label bearing the phrases "Color Renew" and/or "revives colors" from February 22, 2018 to May 1, 2023.

    (c) Massachusetts Class: All residents of Massachusetts who purchased Woolite laundry detergent with a label bearing the phrases "Color Renew" and/or "revives colors" from February 22, 2017 to May 1, 2023.[1]

2. The Court finds that notice has been disseminated to the Classes in compliance with the Court's Order Granting Preliminary Approval. The Court further finds that the notice given was the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise Class members of the pendency of the action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constituted due, adequate, and sufficient notice to all persons entitled to receive notice; fully satisfied due process; and met the

---

[1] Excluded from the Settlement Classes are: (a) Reckitt, any entity in which Reckitt has a controlling interest, Reckitt's officers, directors, legal representatives, successors, subsidiaries and assigns; (b) any judge, justice or judicial officer presiding over this action or settlement conferences and the members of their immediate families and staff; (c) any person who timely and properly excludes himself or herself from the Settlement Class.

requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.

3.  The Court finds that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2), is in the best interest of the Class, and should be and hereby is fully and finally approved. *See* Fed. R. Civ. P 23(e)(1)(B)(i).

4.  The Court hereby adopts and approves the Settlement Agreement and the Settlement terms contained therein. Accordingly, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of all portions of the Settlement Agreement.

5.  The Court hereby authorizes the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), to administer the settlement benefits to the members of the Settlement Class pursuant to the terms of the parties' Settlement Agreement. *See* Settlement Agreement, Section IX.K.

6.  The Court finds the attorney's fee requested by Class Counsel to be fair and reasonable. Accordingly, the Court grants Class Counsel's request for an attorneys' fee of $982,500.00 to be paid from the settlement fund.

7.  The Court further finds that Class Counsel reasonably expended $369,499.27 in costs to prosecute the litigation on behalf of the Plaintiffs and the Classes. Accordingly, the Court grants the request to reimburse Class Counsel's costs in the amount of $369,499.27 to be paid from the settlement fund.

8.  The Court finds that the requested service awards in the amount of $10,000 per Class Representative are excessive, and instead awards Class Representatives Steven Prescott, Donovan Marshall, Maria Christine Anello, Darlene Kittredge, Treahanna Clemmons, and Susan Graciale $5,000.00 each (totaling $30,000 for the six Class Representatives) to be paid from the settlement fund.

9.  The Court further finds that Epiq reasonably incurred $ 337,000.00 to provide notice and settlement administration services. Accordingly, the Court grants the request to pay Epiq $ 337,000.00 from the settlement fund for Epiq's work as the Settlement Administrator.

10. The Court also approves the World Wildlife Fund ("WWF") as the *cy pres* recipient. Pursuant to the terms of the Settlement Agreement, the *cy pres* recipient will only receive money from the settlement fund if the parties mutually agree that a supplemental distribution is economically unfeasible. *See* Settlement Agreement, Section IX.L.

11. Other than as expressly provided for in this Order, no other costs or fees shall be assessed on any party to this action.

12. All claims against the Defendant in this action are hereby dismissed with prejudice.

13. The Release set forth in the Settlement Agreement, in Section XI, is incorporated herein and, as of the Effective Date and by operation of the Order, is binding and effective on all Class members who have not properly excluded themselves from the Classes. The Settlement Agreement, including the full Release in Section XI, can be found on the Court's publicly available docket at ECF No. 178-2.

14. The Court expressly directs the Clerks of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the settlement; and (c) the parties and the Class members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

Dated: March 28, 2024

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT COURT JUDGE